# INDEX

Declaration of Juannetta Hayes ........................................................................ Ex. 1

    Sentencing Monitoring Computation Data .................. …………………… Att. A

    USMS USM-129....................................................................................Att. B

    Judgment and Commitment Order .......................................................Att. C

    Judgments State of Tennessee.................................... ………………… Att. D

    State of Tennessee Board of Parole ........................…………………… Att. E

    Sentence Monitoring Computation Data .................. ………………… Att. F

    Amendment Judgment and Commitment Order......... ………………… Att. G

    Correspondence to Judge Collier Dated June 15, 2022………………… Att. H

    Correspondence from Judge Collier ...........................………………… Att. I

RESPONDENT
EXHIBIT
1

**IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| TIMOTHY L. DOUGLAS, | ) |
|     Petitioner, | ) |
| | ) |
| v. | )    **4:22-CV-00862** |
| | ) |
| STEPHEN SPAULDING, WARDEN, | ) |
|     Respondent. | ) |

## DECLARATION OF JUANNETTA HAYES

I, Juannetta Hayes, hereby state:

1.    I am currently employed by the Federal Bureau of Prisons ("BOP") as a Management Analyst at the Designation and Computation Center in Grand Prairie, Texas. I have been employed by the BOP since January 2008.

2.    I certify the documents attached to this declaration:
        a. are true and correct copies of records maintained by the BOP;
        b. were created at or near the time of the occurrence of the matters reflected therein by someone with knowledge; and
        c. were made by the BOP as a regular practice.
    I am a custodian of the documents or am otherwise qualified to execute this certification, pursuant to Fed. R. Evid. 803(6) and 902(11).

3.    Timothy Douglas, Register No. 18211-074, is a federal inmate currently designated to the United States Penitentiary in Lewisburg, Pennsylvania. He is presently serving an aggregate one hundred thirty (130) month sentence imposed in the United States District Court for the Eastern District of Tennessee for Armed Bank Robbery and Brandishing a Firearm During a Crime of Violence in violation of 18 U.S.C. §§ 2113(d) and 924(c)(1)(A)(ii) respectively. Douglas was previously sentenced to an aggregate term of two hundred twenty-four (224) months. Inmate Douglas' anticipated release date is presently calculated as December 29, 2023, based on earned and anticipated good conduct time. Attachment A, Sentence Monitoring Computation Data.

4.    When performing the computation of a federal term of imprisonment, the BOP verifies an inmate's arrest and incarceration dates utilizing information provided by, but not limited to, applicable state law enforcement agencies, state and federal courts, the United States Marshals Service ("USMS"), and the United States Probation Office. As part of my investigation into his allegations, I also reviewed inmate Douglas' Pre-Sentence Investigation ("PSI") for his instant offense. Pursuant to BOP Program Statement 1351.05, for the safety and security of the inmate and the institution, inmates are not permitted to have copies of their PSI in their possession. As such, unless otherwise noted, the information provided below is based upon my review of inmate Douglas' PSI, but those portions have not been included with this document.

5.      The conduct forming the basis of inmate Douglas' instant federal offense occurred on March 15, 2001.

6.      On May 9, 2001, Douglas was arrested by the Hamilton County, Tennessee Sheriff for the following state offenses:

> Case Number 237911 – Aggravated Assault (2 counts)
> Case Number 237565 – Aggravated Assault (2 counts)
> Case Number 237685 – Aggravated Kidnapping
> Case Number 234704 – Possession of Cocaine, Driving on a Revoked License, and Escape

7.      On August 20, 2001, Douglas was taken into temporary federal custody by the United States Marshals Service ("USMS") pursuant to a *writ of habeas corpus ad prosequendum* ("WHCAP") for Case No. 1:01-cr-00146 in the Eastern District of Tennessee. Attachment B, USMS USM-129.

8.      On September 20, 2002, Douglas was sentenced in Case No. 1:01-cr-00146 by the United States District Court of Eastern District of Tennessee to a 224-month term of imprisonment. Attachment C, Judgment and Commitment Order. This term consisted of 140-months on Count 1for Armed Bank Robbery, and a consecutive 84-months on Count 2 for Brandishing a Firearm during a Crime of Violence.

9.      On September 23, 2002, Douglas was returned to Tennessee state authorities with the federal judgment in Case No. 1:01-cr-00146 lodged as a detainer. Hayes, Att. B.

10.     On November 20, 2003, Douglas was sentenced in Hamilton County, Tennessee to the following:

> Case Numbers 237911 and 237565 for Aggravated Assault: eleven (11) months and twenty-nine (29) days, concurrent to federal sentence with pre-trial credit from May 9, 2001 through November 20, 2003
>
> Case Number 237685 for Aggravated Kidnapping: eight (8) years concurrent to federal sentence with pre-trial credit from May 9, 2001 through November 20, 2003. This sentence was consecutive to Case Number 234704 count 3 for Escape
>
> Case Number 234704: Probation revoked on Possession of Cocaine (count 1), original term of eight (8) years, and Escape (count 3) one (1) year, consecutive to count 1, with jail credit from October 5 2000 through October 7, 2000; October 23, 2000 through November 12, 2000; and from May 9, 2001 to November 20, 2003.

Attachment D, Judgments for Timothy Douglas in the State of Tennessee.

11.     On August 12, 2014, Douglas paroled from the Tennessee Department of Corrections, released to exclusive custody of the USMS. Attachment E, State of Tennessee Board of Parole.

12. The BOP calculated Douglas' sentence as commencing on August 12, 2014, the date he was released by Tennessee authorities, with a projected release date of February 25, 2029. Attachment F, Sentence Monitoring Computation Data. This computation shows Douglas was granted 499 days of credit pursuant to *Willis v United States*, 449 F.2d 923 (5th Cir. 1971); however, this credit was applied erroneously because Douglas' state and federal sentences were not concurrent.

13. On July 14, 2021, Douglas' federal sentence in Case No. 1:01-cr-00146 was amended to an aggregate 130-month term of imprisonment, with forty-six (46) months on count one consecutive to eighty-four (84) months on count two. Attachment G, Amended Judgment and Commitment Order.

14. On August 13, 2021, Douglas' sentence calculation was updated to remove the erroneous *Willis* credit and account for his reduced sentence. Hayes, Att. A. His release date was updated to December 29, 2023.

15. Based on inmate Douglas' request for credit, which was interpreted as a *nunc pro tunc* retroactive designation request, or a request to designate the state institution as the place for federal confinement, a letter was submitted to Douglas' sentencing judge requesting input. Attachment H, Correspondence to Judge Collier, dated June 15, 2022. The BOP gave the sentencing court sixty days to provide a response. No response was received within sixty days. Accordingly, the BOP completed the five-factor review under 18 U.S.C. § 3621(b) and denied the *nunc pro tunc* designation.

16. The sentencing court ultimately responded via correspondence dated August 18, 2022, and received by the BOP on August 29, 2022. Attachment I, Correspondence from Judge Collier. In that correspondence, Judge Collier indicated he did not believe a retroactive designation was appropriate. The BOP reissued it's *nunc pro tunc* designation determination to reflect the sentencing judge's input and supporting the initial decision to deny retroactive designation.

17. The BOP is statutorily prohibited from running Douglas' eighty-four (84) month conviction on 18 U.S.C. § 924(c) concurrent to any other sentence per U.S.S.G. § 2K2.4.

I hereby state under penalty of perjury pursuant to the provisions of 28 U.S.C. § 1746 that the above is accurate to the best of my knowledge.

Juanmetta Hayes
Management Analyst
Designation and Sentence Computation Center
Grand Prairie, Texas

9/16/22
Date

Attachment A

```
LEWC6   540*23  *            SENTENCE MONITORING            *      09-08-2022
PAGE 001         *            COMPUTATION DATA               *      08:50:55
                                AS OF 09-08-2022


REGNO..: 18211-074 NAME: DOUGLAS, TIMOTHY L


FBI NO..........: 39731AB5           DATE OF BIRTH:              AGE:   46
ARS1.............: LEW/A-DES
UNIT.............: E-BLOCK            QUARTERS.....: E01-109L
DETAINERS........: NO                NOTIFICATIONS: NO


FSA ELIGIBILITY STATUS IS: INELIGIBLE

THE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S CURRENT COMMITMENT.

HOME DETENTION ELIGIBILITY DATE....: 06-29-2023

THE INMATE IS PROJECTED FOR RELEASE: 12-29-2023 VIA GCT REL


---------------------CURRENT JUDGMENT/WARRANT NO: 010 -----------------------

COURT OF JURISDICTION...........: TENNESSEE, EASTERN DISTRICT
DOCKET NUMBER...................: 1:01-CR-146-01
JUDGE...........................: COLLIER
DATE SENTENCED/PROBATION IMPOSED: 09-20-2002
DATE COMMITTED..................: 09-10-2014
HOW COMMITTED...................: US DISTRICT COURT COMMITMENT
PROBATION IMPOSED...............: NO


                FELONY ASSESS  MISDMNR ASSESS  FINES        COSTS
NON-COMMITTED.: $200.00        $00.00          $00.00       $00.00

RESTITUTION...: PROPERTY:  NO  SERVICES:  NO        AMOUNT: $3,565.00

-----------------------CURRENT OBLIGATION NO: 010 --------------------------
OFFENSE CODE....:  554     18:2113(D) ROBBRY,ASSLT,BANK
OFF/CHG: 18:2113(D) ARMED BANK ROBBERY

  SENTENCE PROCEDURE.............: 3559 PLRA SENTENCE
  SENTENCE IMPOSED/TIME TO SERVE.:  140 MONTHS
  TERM OF SUPERVISION............:    5 YEARS
  NEW SENTENCE IMPOSED...........:   46 MONTHS
  BASIS FOR CHANGE...............: COURT ORDER MODIFYING SENTENCE
  RELATIONSHIP OF THIS OBLIGATION
   TO OTHERS FOR THE OFFENDER....: CT 1
  DATE OF OFFENSE................: 03-15-2001




G0002        MORE PAGES TO FOLLOW . . .
```

```
  LEWC6   540*23 *            SENTENCE MONITORING          *     09-08-2022
PAGE 002        *             COMPUTATION DATA             *     08:50:55
                             AS OF 09-08-2022


REGNO..: 18211-074 NAME: DOUGLAS, TIMOTHY L



-----------------------CURRENT OBLIGATION NO: 020 -------------------------
OFFENSE CODE....: 130    18:924(C) FIREARMS LAWS          FSA INELIGIBLE
OFF/CHG: 18:924(C)(1)(A)(II) BRANDISHING A FIREARM DURING A CRIME OF
         VIOLENCE

 SENTENCE PROCEDURE.............: 3559 PLRA SENTENCE
 SENTENCE IMPOSED/TIME TO SERVE.:   84 MONTHS
 TERM OF SUPERVISION............:    5 YEARS
 RELATIONSHIP OF THIS OBLIGATION
  TO OTHERS FOR THE OFFENDER....: CT 2
 DATE OF OFFENSE................: 03-15-2001


------------------------CURRENT COMPUTATION NO: 010 -----------------------

COMPUTATION 010 WAS LAST UPDATED ON 10-13-2021 AT DSC AUTOMATICALLY
COMPUTATION CERTIFIED ON 08-13-2021 BY DESIG/SENTENCE COMPUTATION CTR

THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
CURRENT COMPUTATION 010: 010 010, 010 020

DATE COMPUTATION BEGAN..........: 08-12-2014
AGGREGATED SENTENCE PROCEDURE...: AGGREGATE GROUP 800 PLRA
TOTAL TERM IN EFFECT............:   130 MONTHS
TOTAL TERM IN EFFECT CONVERTED..:    10 YEARS      10 MONTHS
AGGREGATED TERM OF SUPERVISION..:     5 YEARS
EARLIEST DATE OF OFFENSE........: 03-15-2001








G0002       MORE PAGES TO FOLLOW . . .
```

**Ex. 1, Attach. A, p. 2**

```
LEWC6  540*23 *          SENTENCE MONITORING        *      09-08-2022
PAGE 003 OF 003 *           COMPUTATION DATA         *      08:50:55
                          AS OF 09-08-2022


REGNO..: 18211-074 NAME: DOUGLAS, TIMOTHY L


TOTAL PRIOR CREDIT TIME.........: 0
TOTAL INOPERATIVE TIME..........: 0
TOTAL GCT EARNED AND PROJECTED..: 530
TOTAL GCT EARNED................: 378
STATUTORY RELEASE DATE PROJECTED: 12-29-2023
ELDERLY OFFENDER TWO THIRDS DATE: 11-01-2021
EXPIRATION FULL TERM DATE.......: 06-11-2025
TIME SERVED.....................:       8 YEARS      28 DAYS
PERCENTAGE OF FULL TERM SERVED..:  74.5
PERCENT OF STATUTORY TERM SERVED:  86.0


PROJECTED SATISFACTION DATE.....: 12-29-2023
PROJECTED SATISFACTION METHOD...: GCT REL

REMARKS.......: PAROLED BY STATE TO FEDERAL DETAINER 08-12-14 (DCB)/B/PJLG.
                WILLIS FROM 05-09-2011 THRU 09-19-2002/B/PJLG
                04-08-20 GCT UPDT PURSUANT TO FSA B/LMH; 7-30-21 RCVD AJC
                REDUCING TTL TIE FROM 224M TO 130M B/RLB; 8-13-21 REMOVED JAIL
                CREDIT NOT ELIGIBLE/APPLIED TO STATE SENTENCE B/RLB;
                10-13-21 GCT B/LMH;
```

```
S0055        NO PRIOR SENTENCE DATA EXISTS FOR THIS INMATE
```

**Ex. 1, Attach. A, p. 3**

Attachment B

```
╔══════════════════════════════════════════════════════════════════════╗
║                          USM-129 DATA                                  ║
║                                                                        ║
║                                                                        ║
║           USMS DISTRICT: EASTERN TENNESSEE TN/E KNOXVILLE              ║
║                                                                        ║
║   USM-129 PREPARED ON: 9:23 AM 08/20/2014              [ Save ]        ║
╚══════════════════════════════════════════════════════════════════════╝
```

**I. IDENTIFICATION DATA**

| | |
|---|---|
| **USMS NUMBER:** 18211074 | **NAME:** DOUGLAS, TIMOTHY LAMICHAEL |
| **ADDRESS:** ▮▮▮▮▮▮▮▮▮ | **PHONE:** |
| **DOB:** ▮▮▮▮▮  **AGE:** 38y  **POB:** , TN | |

**SEX:** M ...**RACE:** B ...**HAIR:** BLK ...**EYE:** BRO ...**HEIGHT:** 67 in ...**WEIGHT:** 145lb

**SSN:** ▮▮▮▮▮    **FBI NBR:**    **ALIEN NBR:**

| OTHER NUMBER TYPE | OTHER NUMBER VALUE |
|---|---|
| NONE | |

| **SPECIAL CAUTIONS AND MEDICAL | REMARKS | SEPARATEE |
|---|---|---|
| Security Concerns | **ESCAPE RISK** | |

| TB CLEARANCE STATUS | ASSESSMENT DATE | EXPIRED |
|---|---|---|
| NOT CLEARED | | |

| DNA TEST DATE | TAKEN? | DEPUTY | REMARKS/KIT# |
|---|---|---|---|
| | NO DNA TEST TAKEN | | |

| DETAINER DATE | L/R | ACTIVE | AGENCY | REMARK |
|---|---|---|---|---|
| 2011-02-07 | L | Y | DEPT. OF CORRECTIONS, STATE OF TN | 06/02/2014 - VERFIED BY JIMMIE GREGORY, HOUSED AT W.C.F.A. |

| PRISONER ALIAS | ALIAS REMARK |
|---|---|
| DOUGLAS, TIM T | |
| DOUGLAS, TIMOTHY MICHAEL | |

| GENERAL REMARKS |
|---|
| 2/1/02-ADELLA SAID SUBJECT WAS IN CUSTODY AT HAM CO JAIL FROM 5/9/01 UNTIL WE TOOK CUSTODY ON 8/20/01 - NEED WRIT. 1/20/2004-VERIFIED W/TN-DOC THAT SUBJ IS IN THEIR CUSTODY AT M.T.R.C. 1/21/2004-FILED |

**Ex. 1, Attach. B, p. 1**

DETAINER WITH TN-DOC TODAY.

11-05-07 -DETAINER STATUS UPDATED 9-25-07 WITH TDOC; EXPECTED REL DATE: 3-7-2017.

7/30/14-RECEIVED CC: ON EMAIL FROM WANDA IN W/TN ASKING CCA MASON TO P/U SUBJECT FROM WHITEVILLE CORR ON

8/12/14; HE'S PAROLLING

TO USMS DETAINER. WILL REQUEST DESIGNATION WHEN HE'S IN MASON'S CUSTODY ON 8/12. JLF

## II. CUSTODY INFORMATION

| CTR: 1 | CUSTODY START DATE: 2001-08-20 | END DATE: | | |
|--------|-------------------------------|-----------|--|--|
| **CUSTODY STATUS** | **DISTRICT** | **START DATE** | **END DATE** | **REMARK** |
| WT-CASE-RESOLVE | 74 | 2001-08-20 | 2002-09-23 | |
| RL-WHCAP | 74 | 2002-09-23 | 2014-08-12 | RL-CCA W/DET BASED ON J&C FOR 224 MOS |
| READMIT | 74 | 2014-08-12 | 2014-08-12 | PAROLLED TO USMS DETAINER; P/U BY CCA MASON FROM WHITEVILLE CORR FACILITY |
| WT-DESIG | 74 | 2014-08-12 | 2014-08-20 | AS SOON AS PROBATION PUTS CASE ON EDES |
| WT-DESIG | 74 | 2014-08-20 | | CASE UPLOADED TO EDES BY PROBATION |

| Ctr Status | Court Case Number | Federal Court City | Judge | US Attorney | Defense Attorney |
|------------|-------------------|--------------------|-------|-------------|------------------|
| 1 | CASE-RESOLVED 1:01-CR-00146 | TN/E CHATTANOOGA | COLLIER, CURTIS | NEFF, STEVE | SLOAN, JERRY |

| CTR | ARREST DATE | ARRESTING AGENCY | ARREST LOCATION | WARRANT NUMBER |
|-----|-------------|------------------|-----------------|----------------|
| 1 | 2001-08-20 | FEDERAL BUREAU OF INVESTIGATION | CHATTANOOGA | |

| CTR | OFF CODE | OFFENSE | REMARKS | DISPOSITION |
|-----|----------|---------|---------|-------------|
| 1 | 1211 | Robbery - Banking-Type Inst | ARMED BANK ROBBERY | Guilty |
| 1 | 5299 | Weapon Offense | BRANDISHING A FIREARM DURING A CRIME OF VIOLENCE | Guilty |

| CTR | SENTENCE DATE | SENTENCE APPEAL DATE | DURATION |
|-----|---------------|----------------------|----------|
| 1 | 2002-09-20 | | 224 MOS BOP; 5 YSRL; $200 ASSESSMENT;$3,565 RESTITUTION |

## III. COURT CASE STATUS HISTORY

| CTR | CC STATUS | STATUS DATE | START DATE | END DATE | REMARKS |
|-----|-----------|-------------|------------|----------|---------|
| 1 | WHCAP | 2001-08-20 | 2001-08-20 | 2002-09-23 | FROM HAM CO JAIL |

**Ex. 1, Attach. B, p. 2**

| 1 | CASE-RESOLVED | 2002-09-23 | 2002-09-23 | 2002-09-23 |

## IV. CHRONOLOGICAL PRISONER HISTORY

| CTR: 1 | CUSTODY START DATE: 2001-08-20 | | END DATE: | | | |
|---|---|---|---|---|---|---|
| INST | INSTITUTION NAME | ADMIT | RELEASE | BOARDED | ACTION OR DISPOSITION | |
| 4HE | Hamilton Co Jail | 2001-08-20 | 2001-11-16 | 88 | CATOOSA CO P/U VIA WHCAT & RET | |
| 4LP | Hamilton Co Silverdale Corr | 2001-11-16 | 2002-09-23 | 311 | | |
| 4F7 | West Tenn Det Fac | 2014-08-12 | | 8 | HOUSED FOR E/TN-CHATTANOOGA | |

TOTAL DAYS BOARDED: 407

## V. MEDICAL CONDITION/TREATMENT HISTORY

| DATE SERVICE PROVIDED | VENDOR | SERVICE PROVIDED |
|---|---|---|
| 2001-11-23 | MOORE & KING PHARM | LOPROX |

This Document Represents the most recent USM129 Data.

Attachment C

EDTN   Judgment in a Criminal Case (Rev. 8/01)
Sheet 1

# United States District Court

## Eastern District of Tennessee

UNITED STATES OF AMERICA
v.
TIMOTHY L. DOUGLAS

**JUDGMENT IN A CRIMINAL CASE**
(For Offenses Committed On or After November 1, 1987)

Case Number:   1:01-CR-146-01

Jerry Sloan
Defendant's Attorney

## THE DEFENDANT:

[✓]   pleaded guilty to count(s): One and Two of the Indictment
[ ]   pleaded nolo contendere to count(s) ___ which was accepted by the court.
[ ]   was found guilty on count(s) ___ after a plea of not guilty.

**ACCORDINGLY,** the court has adjudicated that the defendant is guilty of the following offense(s):

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|

See next page.

The defendant is sentenced as provided in pages 2 through _7_ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[ ]   The defendant has been found not guilty on count(s) ___.

[ ]   Count(s) ___  [] is  [] are  dismissed on the motion of the United States.

IT IS ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and the United States attorney of any material change in the defendant's economic circumstances.

Defendant's Soc. Sec. No.:
Defendant's Date of Birth:
Defendant's USM No.:   18211-074
Defendant's Residence Address:

Defendant's Mailing Address:

9/20/02
Date of Imposition of Judgment

Signature of Judicial Officer

CURTIS L. COLLIER, United States District Judge
Name & Title of Judicial Officer

OCT   8   2002

Date

Ex. 1, Attach. C, p. 1

EDTN   Judgment in a Criminal Case (Rev. 8/01)
    Sheet 1 — Reverse

Judgment - Page 2  of  7

DEFENDANT:    TIMOTHY L. DOUGLAS
CASE NUMBER:    1:01-CR-146-01

# ADDITIONAL COUNTS OF CONVICTION

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 U.S.C. §2113(d) | Armed Bank Robbery | 3/15/01 | One |
| 18 U.S.C. §924(c)(1)(A)(ii) | Brandishing a Firearm During a Crime of Violence | 3/15/01 | Two |

**Ex. 1, Attach. C, p. 2**

EDTN  Judgement in a Criminal Case (Rev. 8/01)
Sheet 2 — Imprisonment

Judgment - Page 3  of  7

DEFENDANT:     TIMOTHY L. DOUGLAS
CASE NUMBER:    1:01-CR-146-01

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of  224 months .

Term consists of 140 months on Count One and 84 months on Count Two, consecutive as to Counts.

[✓]   The court makes the following recommendations to the Bureau of Prisons:

That the defendant receive 500 hours of substance abuse treatment from the BOP Institution Residential Drug Abuse Treatment Program.

[✓]   The defendant is remanded to the custody of the United States Marshal.

[ ]   The defendant shall surrender to the United States Marshal for this district:
[ ]  at ___  [] a.m.         [] p.m.  on ___.
[ ] as notified by the United States Marshal.

[ ]   The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
[ ] before 2 p.m. on ___.
[ ] as notified by the United States Marshal.
[ ] as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on_____  to  _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By  _____
DEPUTY UNITED STATES  MARSHAL

**Ex. 1, Attach. C, p. 3**

EDTN  Judgment in a Criminal Case (Rev. 8/01)
Sheet 3 — Supervised Release

Judgment - Page 4 of 7

DEFENDANT:     TIMOTHY L. DOUGLAS
CASE NUMBER:   1:01-CR-146-01

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of 5 years .

This term consists of Five years each on Counts One and Two, all such terms to run concurrently.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13,1994:*

The defendant shall refrain from any unlawful use of a controlled substance.  The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter.

[ ]     The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse.

[✓]     The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with the additional conditions on the attached page.

# STANDARD CONDITIONS OF SUPERVISION

1)   the defendant shall not leave the judicial district without permission of the court or probation officer;
2)   the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3)   the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4)   the defendant shall support his or her dependants and meet other family responsibilities;
5)   the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6)   the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7)   the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8)   the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9)   the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10)  the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11)  the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12)  the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13)  as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

**Ex. 1, Attach. C, p. 4**

EDTN Judgment in a Criminal Case (Rev. 8/01)
Sheet 3A - Supervised Release

Judgment - Page 5 of 7

DEFENDANT:     TIMOTHY L. DOUGLAS
CASE NUMBER:     1:01-CR-146-01

# SPECIAL CONDITIONS OF SUPERVISION

The defendant shall pay any financial penalty that is imposed by this judgment, and that remains unpaid at the commencement of the term of supervised release.

The defendant shall provide the probation officer with access to any requested financial information.

The defendant shall not incur new credit charges or open additional lines of credit without permission of the probation officer until the restitution has been paid in full.

The defendant shall participate in a program of testing and treatment for drug and/or alcohol abuse, as directed by the probation officer, until such time as the defendant is released from the program by the probation officer.

**Ex. 1, Attach. C, p. 5**

EDTN  Judgment in a Criminal Case (Rev. 8/01)
Sheet 5  —  Criminal Monetary Penalties

DEFENDANT:       TIMOTHY L. DOUGLAS
CASE NUMBER:     1:01-CR-146-01

# CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on Sheet 5, Part B. The assessment is ordered in accordance with 18 U.S.C. § 3013.

|  | Assessment | Fine | Restitution |
|---|---|---|---|
| Totals: | $ 200.00 | $ | $ 3,565.00 |

[ ]  The determination of restitution is deferred until __. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

[✓]  The defendant shall make restitution (including community restitution) to the following payees in the amounts listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below.  However, if the United States is a victim, all other victims, if any, shall receive full restitution before the United States receives any restitution, and all restitution shall be paid to the victims before any restitution is paid to a provider of compensation, pursuant to 18 U.S.C. § 3664.

| Name of Payee | *Total Amount of Loss | Amount of Restitution Ordered | Priority Order or Percentage of Payment |
|---|---|---|---|
| **CUMIS Insurance Society, Inc. Attn: Louise V. Fish Claim # B589313 P.O. Box 1221 Madison, WI 53701** | $3,565.00 | $3,565.00 | |
| TOTALS: | $_ | $ 3,565.00 | |

[ ]  If applicable, restitution amount ordered pursuant to plea agreement $ _

The defendant shall pay interest on any fine or restitution of more than $2500, unless the fine or restitution is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. §3612(f).  All of the payment options on Sheet 5, Part B may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. §3612(g).

[ ]  The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

[ ] The interest requirement is waived for the   [ ] fine and/or      [ ] restitution.

[ ] The interest requirement for the [ ] fine and/or    [ ] restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994 but before April 23, 1996.

**Ex. 1, Attach. C, p. 6**

EDTN  Judgment in a Criminal Case (Rev. 8/01)
    Sheet 6  —  Schedule of Payments

Judgment — Page 7 of 7

DEFENDANT:    TIMOTHY L. DOUGLAS
CASE NUMBER:   1:01-CR-146-01

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

A   [✓]  Lump sum payment of $ 3765.00  due immediately, balance due

     [ ]  not later than _, or
     [✓]  in accordance with    [ ]C,  [ ]D, or    [✓]E below; or

B   [ ]  Payment to begin immediately (may be combined with    [ ]C,   [ ]D, or      [ ]E below); or

C   [ ]  Payment in ____ (e.g., equal, weekly, monthly, quarterly) installments of $ _ over a period of _ (e.g., months or years), to commence _ (e.g., 30 or 60 days) after the date of this judgment; or

D   [ ]  Payment in ____ (e.g., equal, weekly, monthly, quarterly) installments of $ _ over a period of _ (e.g., months or years), to commence _ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E   [✓]  Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise in the special instruction above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. Unless otherwise directed by the court, the probation officer, or the United States attorney, all criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, shall be made to **U.S. District Court, 800 Market St., Suite 130, Knoxville, TN 37902.** Payments shall be in the form of a check or a money order, made payable to U.S. District Court, with a notation of the case number.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

[✓]  Joint and Several

    Defendant Name, Case Number, and Joint and Several Amount:

    **█████████████████**

    **$3,565.00**

[ ]  The defendant shall pay the cost of prosecution.

[ ]  The defendant shall pay the following court cost(s):

[ ]  The defendant shall forfeit the defendant's interest in the following property to the United States:

**Ex. 1, Attach. A, p. 1**

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest (7) penalties, and (8) costs, including cost of prosecution and court costs.

Attachment D

GJ No.

158,956
P-01-
443

No.

237911

A TRUE BILL

AGGRAVATED ASSAULT - COUNT 1 OF 2
TENNESSEE CODE ANNOTATED 39-13-102 (CLASS C FELONY)
AGGRAVATED ASSAULT- COUNT 2 OF 2
TENNESSEE CODE ANNOTATED 39-13-102 (CLASS C FELONY)

STATE OF TENNESSEE

VS.

TIMOTHY LAMICHAEL DOUGLAS, ALIAS TIMOTHY MICHAEL JACKSON

Grand Jury Foreman or
Grand Jury Forewoman

William H. Cox
District Attorney General

Clerk's Summons for the State

Prosecutor:

$1,000 Additional
Bond on new case.

BOND

SEP 12 AM

OWEN TIBWELL. CLERK

BY Filed D.C.

Ex. 1, Attach. A, p. 1

IN THE CRIMINAL COURT OF HAMILTON COUNTY, TENNESSEE

CASE NUMBER: 237911    COUNT NUMBER: 3

ATTORNEY FOR THE STATE: ~~Poole~~ Steele

JUDICIAL DISTRICT: ELEVEN    JUDICIAL DIVISION: 1

COUNSEL FOR DEFENDANT: ~~James Judin Bale~~ Wade Hamilton

[_] RETAINED [X] APPOINTED [_] PUBLIC DEFENDER

STATE OF TENNESSEE
vs.

DEFENDANT: DOUGLAS, TIMOTHY LAMICHAEL
DATE OF BIRTH:_____  SEX: M  RACE: B
FROM INDICTMENT #_____    WARRANT #_____

ALIAS: JACKSON, TIMOTHY MICHAEL
SSN:_____
TDOC #_____    DOCUMENT CONTROL #_____

```
********************
*  J U D G M E N T  *
********************
```

COMES THE DISTRICT ATTORNEY GENERAL FOR THE STATE AND THE DEFENDANT WITH COUNSEL OF RECORD FOR ENTRY OF JUDGMENT.
ON THE 20th DAY OF November, 2003, THE DEFENDANT:

| | |
|---|---|
| [X] PLEADED GUILTY [_] DISMISSED/NOLLE PROSEQUI | INDICTMENT CLASS (CIRCLE ONE): 1ST A B(C)D E (X) FELONY [_] MISDEMEANOR |
| [_] NOLO CONTENDRE [_] RETIRED/UNAPPREHENDED DEFENDANT | FILING DATE 9/12/01  OFFENSE AGGRAVATED ASSAULT |
| [_] GUILTY PLEA-PURSUANT TO 40-35-313 | AMENDED CHARGE: |
| IS FOUND:   (X) GUILTY   [_] NOT GUILTY<br>[_] JURY VERDICT  [_] NOT GUILTY BY REASON OF<br>[_] BENCH TRIAL   INSANITY | OFFENSE DATE: 03/25/01   COUNTY: HAMILTON<br>CONVICTION OFFENSE: Assault (Aggravated)<br>TCA: 39139102  SENTENCE IMPOSED DATE: 11/20/03<br>CONVICTION CLASS (CIRCLE ONE): 1ST(A)B C D E [_] FELONY (X) MISDEMEANOR |

AFTER CONSIDERING THE EVIDENCE, THE ENTIRE RECORD, AND ALL FACTORS IN T.C.A. TITLE 40, CHAPTER 35, ALL OF WHICH ARE INCORPORATED BY REFERENCE HEREIN, THE COURT'S FINDINGS AND RULINGS ARE:

```
+-----------------------------------------------------------------+
| [_] SENTENCE REFORM ACT OF 1989          | [_] 1ST DEGREE MURDER | CONCURRENT WITH: |
|                                          |                       | Federal          |
| OFFENDER STATUS (CHECK ONE)  RELEASE ELIGIBILITY (CHECK ONE)  | [_] PRE 1982 | sentence |
| (OTHER THAN 1ST DEGREE MURDER)  (OTHER THAN 1ST DEGREE MURDER) | SENTENCE:__ |               |
|                                                               |             |               |
| [_] MITIGATED    [_] MITIGATED 20%  [_] MULTIPLE RAPIST 100%   |             | CONSECUTIVE TO: |
| [_] STANDARD     [_] MITIGATED 30%  [_] CHILD RAPIST    100%   | [_] SENTENCE REFORM ACT |  |
| [_] MULTIPLE     [_] STANDARD 30%   [_] REPEAT VIOLENT  100%   |    OF 1982               |  |
| [_] PERSISTENT   [_] MULTIPLE 35%   --------------------       | [_] 30% RANGE 1         |  |
| [_] CAREER       [_] PERSISTENT 45% MISC. (IF APPLICABLE)      | [_] 35% RANGE 2         |  |
| [_] REPEAT VIOLENT [_] CAREER  60%  [_] SCHOOL ZONE            | [_] 40% RANGE 3         |  |
|                  [_] VIOLENT 100%   [_] GANG RELATED           |             |               |
+-----------------------------------------------------------------+
```

SENTENCED TO:                SENTENCE LENGTH:

[_] TDOC

YEARS ____ MONTHS ____ DAYS ____ LIFE ____ LIFE WITHOUT PAROLE ____ DEATH
MANDATORY MINIMUM SENTENCE (APPLICABLE TO T.C.A. 39-17-417 IN SCHOOL ZONE)

[_] COUNTY JAIL  [X] WORKHOUSE

YEARS 11 MONTHS 29 DAYS ____ HOURS ____ WEEK-ENDS ____ PERIOD(S) [ ]
MANDATORY MINIMUM SENTENCE (APPLICABLE TO T.C.A. 39-17-417, 39-13-513, AND 39-13-516
IN SCHOOL ZONE)

PERIOD OF INCARCERATION TO BE SERVED PRIOR TO RELEASE ON PROBATION
MONTHS ____ DAYS ____ HOURS (MISDEMEANOR ONLY)
% MINIMUM SERVICE PRIOR TO ELIGIBILITY FOR WORK RELEASE, FURLOUGH, TRUSTY STATUS AND
REHABILITATIVE PROGRAMS (MISDEMEANOR ONLY)

[_] PROBATION  [_] DIVERSION
[_] COMMUNITY BASED ALTERNATIVE
SPECIFY:

YEARS ____ MONTHS ____ DAYS EFFECTIVE:_____
YEARS ____ MONTHS ____ DAYS ____ HOURS ____ WEEK-ENDS

PRETRIAL JAIL CREDIT PERIOD: FROM 5/9/01 TO 11/20/03  FROM __/__/__ TO __/__/__ OR NUMBER OF DAYS ____

| | DUE FEE | |
|---|---|---|
| $ 89.50 STATE TAX $ ____ | JAIL FEES ____ | RESTITUTION: |
| $ 27.50 COUNTY TAX $ ____ | VICTIM FEE ____ | VICTIM NAME ____ |
| $ 1.00 LIBRARY TAX $ ____ | SURCHARGE ____ | ADDRESS ____ |
| $ ____ COURT COST $ ____ | INTOX. FEE ____ | |
| $ ____ FINES $ ____ | REV. COST ____ | |
| $ ____ CLK INH FEE $ ____ | D.A. FEE ____ | TOTAL AMOUNT $ ____   $ ____ PER MONTH |
| $ 50.00 CJC FEE $ ____ | | [_] UNPAID COMMUNITY SERVICE: |
| INDIGENT CREDIT ON COSTS | | [_] HOURS ____ DAYS ____ WEEKS ____ MONTHS) |
| $ ____ | ATTY. FEE ____ | |

[_] THE DEFENDANT HAVING BEEN FOUND GUILTY IS RENDERED INFAMOUS AND IS ORDERED TO PROVIDE A BIOLOGICAL SPECIMAN FOR THE PURPOSE OF DNA ANALYSIS.
[_] PURSUANT TO 39-13-524 THE DEFENDANT IS SENTENCED TO COMMUNITY SUPERVISION FOR LIFE FOLLOWING SENTENCE EXPIRATION.

SPECIAL CONDITIONS:

DOUGLAS A. MEIER
JUDGE NAME
_____    JUDGE'S SIGNATURE (DATE SIGNED)    11/20/03
                                                                   DATE OF ENTRY OF JUDGMENT

_____    _____
ATTORNEY FOR THE STATE/SIGNATURE (OPTIONAL)    DEFENDANT'S ATTORNEY/SIGNATURE (OPTIONAL)

IN THE CRIMINAL COURT OF HAMILTON COUNTY, TENNESSEE

CASE NUMBER: 237911    COUNT NUMBER: 1

JUDICIAL DISTRICT: ELEVEN    JUDICIAL DIVISION: 1

ATTORNEY FOR THE STATE: _____ STPA__

COUNSEL FOR DEFENDANT: _____ W~DC 11~~~

[ ] RETAINED [X] APPOINTED [ ] PUBLIC DEFENDER

STATE OF TENNESSEE
vs.

DEFENDANT: DOUGLAS TIMOTHY LANICHAEL    SEX: M RACE: B
DATE OF BIRTH: _____    WARRANT # _____
FROM INDICTMENT # _____

ALIAS: JACKSON, TIMOTHY MICHAEL
SSN: _____
TDOC _____    DOCUMENT CONTROL # _____

*******************
* J U D G M E N T *
*******************

COMES THE DISTRICT ATTORNEY GENERAL FOR THE STATE AND THE DEFENDANT WITH COUNSEL OF RECORD FOR ENTRY OF JUDGMENT.
ON THE 20TH DAY OF _November_ 2003, THE DEFENDANT:

[X] PLEADED GUILTY [ ] DISMISSED/NOLLE PROSEQUI

[ ] NOLO CONTENDERE [ ] RETIRED/UNAPPREHENDED DEFENDANT

[ ] GUILTY PLEA-PURSUANT TO 40-35-313

IF FOUND:   [X] GUILTY   [ ] NOT GUILTY
[ ] JURY VERDICT   [ ] NOT GUILTY BY REASON OF
[ ] BENCH TRIAL    INSANITY

INDICTMENT: CLASS (CIRCLE ONE): 1ST A B (C) D E [X] FELONY [ ] MISDEMEANOR

FILING DATE 9/12/01   OFFENSE AGGRAVATED ASSAULT

AMENDED CHARGE:

OFFENSE DATE 04/25/01   COUNTY: HAMILTON
CONVICTION OFFENSE: Assault (Cours the)
TCA# 39130102   SENTENCE-IMPOSE DATE: 11/20/03
CONVICTION CLASS (CIRCLE ONE): 1ST A B C D E [ ] FELONY [X] MISDEMEANOR

AFTER CONSIDERING THE EVIDENCE, THE ENTIRE RECORD, AND ALL FACTORS IN T.C.A. TITLE 40, CHAPTER 35, ALL OF WHICH ARE
INCORPORATED BY REFERENCE HEREIN, THE COURT'S FINDINGS AND RULINGS ARE:

[ ] SENTENCE REFORM ACT OF 1509

OFFENDER STATUS (CHECK ONE)    RELEASE ELIGIBILITY (CHECK ONE)
(OTHER THAN 1ST DEGREE MURDER)    (OTHER THAN 1ST DEGREE MURDER)

[ ] MITIGATED
[ ] STANDARD
[ ] MULTIPLE
[ ] PERSISTENT
[ ] CAREER
[ ] REPEAT VIOLENT

[ ] MITIGATED 20%
[ ] MITIGATED 30%
[ ] STANDARD 30%
[ ] MULTIPLE 35%
[ ] PERSISTENT 45%
[ ] CAREER 60%
[ ] VIOLENT 100%

[ ] MULTIPLE RAPIST 100%
[ ] CHILD RAPIST 100%
[ ] REPEAT VIOLENT 100%
-----------------------
MISC. (IF APPLICABLE)
[ ] SCHOOL ZONE
[ ] GANG RELATED

[ ] 1ST DEGREE MURDER
[ ] PRE 1987
SENTENCE: _____

CONCURRENT WITH:
Federal
Sentence

[ ] SENTENCE REFORM ACT
OF 1982
[ ] 30% RANGE 1
[ ] 35% RANGE 2
[ ] 40% RANGE 3

CONSECUTIVE TO:

SENTENCED TO:

[ ] TDOC

[ ] COUNTY JAIL   [X] WORKHOUSE

SENTENCE LENGTH:

_____ YEARS _____ MONTHS _____ DAYS _____ LIFE _____ LIFE WITHOUT PAROLE _____ DEATH
MANDATORY MINIMUM SENTENCE (APPLICABLE TO T.C.A. 39-17-417 IN SCHOOL ZONE):
_____ YEARS 11 MONTHS 25 DAYS _____ HOURS _____ WEEK-ENDS _____ PERIODIC:
MANDATORY MINIMUM SENTENCE (APPLICABLE TO T.C.A. 39-17-417, 39-13-513, AND 39-13-514
IN SCHOOL ZONE)
PERIOD OF INCARCERATION TO BE SERVED PRIOR TO RELEASE ON PROBATION
_____ MONTHS _____ DAYS _____ HOURS (MISDEMEANOR ONLY)
% MINIMUM SERVICE PRIOR TO ELIGIBILITY FOR WORK RELEASE, FURLOUGH, TRUSTY STATUS AND
REHABILITATIVE PROGRAMS (MISDEMEANOR ONLY)

[ ] PROBATION [ ] DIVERSION   _____ YEARS _____ MONTHS _____ DAYS EFFECTIVE:
[ ] COMMUNITY BASED ALTERNATIVE   _____ YEARS _____ MONTHS _____ DAYS _____ HOURS _____ WEEK-ENDS
SPECIFY:

PRETRIAL JAIL CREDIT PERIOD: FROM 5/9/01 TO 11/20 03   FROM _/_/_ TO _/_/_   OR NUMBER OF DAYS _____

$29.50 STATE TAX $_____
$27.50 COUNTY TAX $_____
$1.00 LIBRARY TAX $_____
$_____ COURT COST $_____
$_____ FINES
$_____ CLK INS FEE $_____
$50.00 CJ PRE $_____
INDIGENT CREDIT OF COSTS
$_____

DUI FEE
JAIL FEES $_____   RESTITUTION:
VICTIM FEE |   VICTIM NAME _____
SURCHARGE |   ADDRESS _____
INTOX. FEE |
REV. COST |   TOTAL AMOUNT $_____    $_____ PER MONTH
D.A. FEE |   [ ] UNPAID COMMUNITY SERVICE:
_____ HOURS _____ DAYS _____ WEEKS _____ MONTHS
APPT.FEE |

[ ] THE DEFENDANT HAVING BEEN FOUND GUILTY IS RENDERED INFAMOUS AND IS ORDERED TO PROVIDE A BIOLOGICAL SPECIMEN FOR THE
PURPOSE OF DNA ANALYSIS
[ ] PURSUANT TO 39-13-524 THE DEFENDANT IS SENTENCED TO COMMUNITY SUPERVISION FOR LIFE FOLLOWING SENTENCE EXPIRATION.

SPECIAL CONDITIONS:

THE FOLLOWING INSTRUMENT IS
A CORRECT COPY OF THE ONE
FILED ON FILE IN THIS OFFICE

[signature] Douglas A. Meyer    11.20.03

DOUGLAS A. MEYER    JUDGE'S SIGNATURE (DATE SIGNED)
JUDGE SAME

ENTERED INTO OFFICE
PAULA THOMPSON
Criminal Court Clerk

_____    DEFENDANT'S ATTORNEY (SIGNATURE) (OPTIONAL)
ATTORNEY FOR THE STATE/SIGNATURE (OPTIONAL)

p.5    (1423) 209-6869    WORKHOUSE REC.    Nov 25 03 03:13p

237565

Count 3:

THE GRAND JURORS for the State aforesaid, being duly summoned, elected, impaneled, sworn and charged to inquire for the body of the County aforesaid, upon their oaths present:

That Timothy Lamichael Douglas, alias Timothy Michael Jackson heretofore on April 2, 2001, in the County aforesaid, did unlawfully and knowingly cause damage to or the destruction of property, valued at under $500.00 belonging to ▮▮▮▮▮▮▮▮ knowing that the defendant did not have the victim's effective consent, in violation of Tennessee Code Annotated 39-14-408, against the peace and dignity of the State.

Count 4:

THE GRAND JURORS for the State aforesaid, being duly summoned, elected, impaneled, sworn and charged to inquire for the body of the County aforesaid, upon their oaths present:

That Timothy Lamichael Douglas, alias Timothy Michael Jackson heretofore on April 2, 2001, in the County aforesaid, did unlawfully and recklessly engage in conduct which placed or may place the public at large in imminent danger of death or serious bodily injury, by use of a deadly weapon, in violation of Tennessee Code Annotated 39-13-103, against the peace and dignity of the State.

DISTRICT ATTORNEY GENERAL

237565

### STATE OF TENNESSEE, HAMILTON COUNTY
### Criminal Court

THE GRAND JURORS for the State aforesaid, being duly summoned, elected, impaneled, sworn and charged to inquire for the body of the County aforesaid, upon their oaths present:

That Timothy Lamichael Douglas, alias Timothy Michael Jackson heretofore on April 2, 2001, in the County aforesaid, did unlawfully, intentionally or knowingly cause         to reasonably fear imminent bodily injury by use of a deadly weapon, in violation of Tennessee Code Annotated 39-13-102, against the peace and dignity of the State.

Count 2:

THE GRAND JURORS for the State aforesaid, being duly summoned, elected, impaneled, sworn and charged to inquire for the body of the County aforesaid, upon their oaths present:

That Timothy Lamichael Douglas, alias Timothy Michael Jackson heretofore on April 2, 2001, in the County aforesaid, did unlawfully, intentionally or knowingly cause bodily injury to       by use of a deadly weapon, in violation of Tennessee Code Annotated 39-13-102, against the peace and dignity of the State.

IN THE CRIMINAL COURT OF HAMILTON COUNTY, TENNESSEE

CASE NUMBER: 237565    COUNT NUMBER: 2     ATTORNEY FOR THE STATE: RODNEY STRONG

JUDICIAL DISTRICT: ELEVEN    JUDICIAL DIVISION: 1     COUNSEL FOR DEFENDANT: WADE HINTON

(_) RETAINED (X) APPOINTED (_) PUBLIC DEFENDER

STATE OF TENNESSEE
VS.

DEFENDANT: DOUGLAS, TIMOTHY LAMICHAEL     ALIAS: JACKSON, TIMOTHY MICHAEL
DATE OF BIRTH: ▮    SEX: M RACE: B    SEX: ▮
FROM INDICTMENT ▮     WARRANT # ▮    TDOC ▮    DOCUMENT CONTROL #

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
\* J U D G M E N T \*
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

COMES THE DISTRICT ATTORNEY GENERAL FOR THE STATE AND THE DEFENDANT WITH COUNSEL OF RECORD FOR ENTRY OF JUDGMENT.
ON THE 20th DAY OF November, 2003, THE DEFENDANT:

(X) PLEADED GUILTY (_) DISMISSED/NOLLE PROSEQUI | INDICTMENT CLASS (CIRCLE ONE): 1ST A B (C) D E (F) FELONY (_) MISDEMEANOR
(_) NOLO CONTENDRE (_) RETIRED/UNAPPREHENDED DEFENDANT | FILING DATE 8/8/01 OFFENSE AGGRAVATED ASSAULT
(_) GUILTY PLEA-PURSUANT TO 40-35-313 | AMENDED CHARGE:
IS FOUND: (X) GUILTY (_) NOT GUILTY | OFFENSE DATE 04/02/01 COUNTY: HAMILTON
(_) JURY VERDICT (_) NOT GUILTY BY REASON OF | CONVICTION OFFENSE: Assault
(_) BENCH TRIAL INSANITY | TCA: 39136102 SENTENCE-IMPOSED DATE: 11/20/03
     | CONVICTION CLASS (CIRCLE ONE): 1ST (A) B C D E (_) FELONY (X) MISDEMEANOR

AFTER CONSIDERING THE EVIDENCE, THE ENTIRE RECORD, AND ALL FACTORS IN T.C.A. TITLE 40, CHAPTER 35, ALL OF WHICH ARE
INCORPORATED BY REFERENCE HEREIN, THE COURT'S FINDINGS AND RULINGS ARE:

(_) SENTENCE REFORM ACT OF 1989     | (_) 1ST DEGREE MURDER | CONCURRENT WITH:
    Federal sentence

OFFENDER STATUS (CHECK ONE)    RELEASE ELIGIBILITY (CHECK ONE) | (_) PRE 1983
(OTHER THAN 1ST DEGREE MURDER)    (OTHER THAN 1ST DEGREE MURDER) | SENTENCE:

(_) MITIGATED    (_) MITIGATED 20%    (_) MULTIPLE RAPIST 100% | CONSECUTIVE TO:
(_) STANDARD    (_) MITIGATED 30%    (_) CHILD RAPIST 100%
(_) MULTIPLE    (_) STANDARD 30%    (_) REPEAT VIOLENT 100% | (_) SENTENCE REFORM ACT
(_) PERSISTENT    (_) MULTIPLE 35%    -----------------------    OF 1982
(_) CAREER    (_) PERSISTENT 45%    MISC. (IF APPLICABLE) | (_) 30% RANGE 1
(_) REPEAT VIOLENT    (_) CAREER 60%    (_) SCHOOL ZONE | (_) 35% RANGE 2
   (_) VIOLENT 100%    (_) GANG RELATED | (_) 40% RANGE 3

SENTENCED TO:      SENTENCE LENGTH:

(_) TDOC      ___ YEARS ___ MONTHS ___ DAYS ___ LIFE ___ LIFE WITHOUT PAROLE ___ DEATH
     MANDATORY MINIMUM SENTENCE (APPLICABLE TO T.C.A. 39-17-417 IN SCHOOL ZONE)
(_) COUNTY JAIL (X) WORKHOUSE   ___ YEARS 11 MONTHS 29 DAYS ___ HOURS ___ WEEK-ENDS PERIOD(S):(___)
     MANDATORY MINIMUM SENTENCE (APPLICABLE TO T.C.A. 39-17-417, 39-13-513, AND 30-13-514
     IN GENERAL ZONE) ___
     PERIOD OF INCARCERATION TO BE SERVED PRIOR TO RELEASE ON PROBATION
     ___ MONTHS ___ DAYS ___ HOURS (MISDEMEANOR ONLY)
     % MINIMUM SERVICE PRIOR TO ELIGIBILITY FOR WORK RELEASE, FURLOUGH, TRUSTY STATUS AND
     REHABILITATIVE PROGRAMS (MISDEMEANOR ONLY)
(_) PROBATION (_) DIVERSION ___ YEARS ___ MONTHS ___ DAYS EFFECTIVE:
(_) COMMUNITY BASED ALTERNATIVE ___ YEARS ___ MONTHS ___ DAYS ___ HOURS ___ WEEK-ENDS
SPECIFY:

PRETRIAL JAIL CREDIT PERIOD: FROM 5/9/01 TO 11/20/03 FROM _/_/_ TO _/_/_ OR NUMBER OF DAYS ___

$211.50 STATE TAX $___    DUI FEE | RESTITUTION:
$23.50 COUNTY TAX $___    JAIL FEES | VICTIM NAME
$7.00 LIBRARY TAX $___    VICTIM FEE | VICTIM NAME
$___ COURT COST $___    SURCHARGE | ADDRESS
$___ FINES $___    ENFOR. FEE |
$___ CLK CRB FEE $___    ENV. CONT | TOTAL AMOUNT $___    $___ PER MONTH
$50.00 CIC FEE $___    D.A. FEE | (_) UNPAID COMMUNITY SERVICE:
✓ INDIGENT CREDIT ON COSTS    APPT.FEE | ___ HOURS ___ DAYS ___ WEEKS ___ MONTHS)
$___

(_) THE DEFENDANT HAVING BEEN FOUND GUILTY IS RENDERED INFAMOUS AND IS ORDERED TO PROVIDE A BIOLOGICAL SPECIMEN FOR THE
PURPOSE OF DNA ANALYSIS
(_) PURSUANT TO 39-13-524 THE DEFENDANT IS SENTENCED TO COMMUNITY SUPERVISION FOR LIFE FOLLOWING SENTENCE EXPIRATION.

SPECIAL CONDITIONS:

Douglas A. Meyer      11/20/03
DOUGLAS A. MEYER     JUDGE'S SIGNATURE (DATE SIGNED)     DATE OF ENTRY OF JUDGMENT
JUDGE NAME

ATTORNEY FOR THE STATE/SIGNATURE (OPTIONAL)     DEFENDANT'S ATTORNEY/SIGNATURE (OPTIONAL)

p.3    (423) 209-6869    WORKHOUSE REC.    Nov 25 03 03:15p

IN THE CRIMINAL COURT OF HAMILTON COUNTY, TENNESSEE

CASE NUMBER: 237865    COUNT NUMBER: 1     ATTORNEY FOR THE STATE: RODNEY STROWL

JUDICIAL DISTRICT: ELEVEN    JUDICIAL DIVISION: 1    COUNSEL FOR DEFENDANT: WADE HINTON

(_) RETAINED (X) APPOINTED (_) PUBLIC DEFENDER

STATE OF TENNESSEE
VS.

DEFENDANT: DOUGLAS, TIMOTHY LAMICHAEL    ALIAS: JACKSON, TIMOTHY MICHAEL
DATE OF BIRTH: ___ SEX: M RACE: B    SSN: ___
FROM INDICTMENT: ___ WARRANT #___    TDOC ___ DOCUMENT CONTROL #___

*******************
- J U D G M E N T -
*******************

COMES THE DISTRICT ATTORNEY GENERAL FOR THE STATE AND THE DEFENDANT WITH COUNSEL OF RECORD FOR ENTRY OF JUDGMENT,
ON THE 20th DAY OF November, 2003, THE DEFENDANT:

| | |
|---|---|
| (X) PLEADED GUILTY (_) DISMISSED/NOLLE PROSEQUI | INDICTMENT CLASS (CIRCLE ONE): 1ST A B (C) D E (X) FELONY (_) MISDEMEANOR |
| (_) NOLO CONTENDRE (_) RETIRED/UNAPPREHENDED DEFENDANT | FILING DATE 6 / 5 / 01 OFFENSE AGGRAVATED ASSAULT |
| (_) GUILTY PLEA-PURSUANT TO 40-35-313 | AMENDED CHARGE: |
| IS FOUND: (X) GUILTY (_) NOT GUILTY | OFFENSE DATE 04/02/03 COUNTY: HAMILTON |
| (_) JURY VERDICT (_) NOT GUILTY BY REASON OF | CONVICTION OFFENSE: Assault |
| (_) BENCH TRIAL   INSANITY | TCA#: 39139103 SENTENCE-IMPOSED DATE: 11 / 20 / 03 |
| | CONVICTION CLASS (CIRCLE ONE): 1ST A (B) D C D E (_) FELONY (X) MISDEMEANOR |

AFTER CONSIDERING THE EVIDENCE, THE ENTIRE RECORD, AND ALL FACTORS IN T.C.A. TITLE 40, CHAPTER 35, ALL OF WHICH ARE
INCORPORATED BY REFERENCE HEREIN, THE COURT'S FINDINGS AND RULINGS ARE:

(_) SENTENCE REFORM ACT OF 1989     (_) 1ST DEGREE MURDER    **CONCURRENT WITH:** Federal sentence

OFFENDER STATUS (CHECK ONE)   RELEASE ELIGIBILITY (CHECK ONE)    (_) 1966 1982
(OTHER THAN 1ST DEGREE MURDER) (OTHER THAN 1ST DEGREE MURDER)    SENTENCE:___

(_) MITIGATED   (_) MITIGATED 20%   (_) MULTIPLE RAPIST 100%    **CONSECUTIVE TO:**
(_) STANDARD   (_) MITIGATED 30%   (_) CHILD RAPIST 100%
(_) MULTIPLE   (_) STANDARD 30%   (_) REPEAT VIOLENT 100%   (_) SENTENCE REFORM ACT OF 1982
(_) PERSISTENT   (_) MULTIPLE 35%   ----------------
(_) CAREER   (_) PERSISTENT 45%   MISC. (IF APPLICABLE)   (_) 20% RANGE 1
(_) REPEAT VIOLENT   (_) CAREER 60%   (_) SCHOOL ZONE   (_) 35% RANGE 2
  (_) VIOLENT 100%   (_) GANG RELATED   (_) 40% RANGE 3

SENTENCED TO:    SENTENCE LENGTH:

(_) TDOC    ___ YEARS ___ MONTHS ___ DAYS ___ LIFE ___ LIFE WITHOUT PAROLE ___ DEATH
   MANDATORY MINIMUM SENTENCE (APPLICABLE TO T.C.A. 39-17-417 IN SCHOOL ZONE)
(_) COUNTY JAIL (X) WORKHOUSE   ___ YEARS 11 MONTHS 29 DAYS ___ HOURS ___ WEEK-ENDS PERIODIC: (___)
   MANDATORY MINIMUM SENTENCE (APPLICABLE TO T.C.A. 39-17-417, 39-13-513, AND 39-13-514
   IN SCHOOL ZONE)
   PERIOD OF INCARCERATION TO BE SERVED PRIOR TO RELEASE OR PROBATION
    ___ MONTHS ___ DAYS ___ HOURS (MISDEMEANOR ONLY)
   A MINIMUM SERVICE PRIOR TO ELIGIBILITY FOR WORK RELEASE, FURLOUGH, TRUSTY STATUS AND
   REHABILITATIVE PROGRAMS (MISDEMEANOR ONLY)
(_) PROBATION (_) DIVERSION ___ YEARS ___ MONTHS ___ DAYS EFFECTIVE: ___
(_) COMMUNITY BASED ALTERNATIVE ___ YEARS ___ MONTHS ___ DAYS ___ HOURS ___ WEEK-ENDS
   OTHER: ___

PRETRIAL JAIL CREDIT PERIOD: FROM 5/9/0 to 11/20/03   FROM __/__ TO __/__   OR NUMBER OF DAYS ___

| | | | |
|---|---|---|---|
| $29.50 STATE TAX $___ | DUI FEE ___ | RESTITUTION: | |
| $29.50 COUNTY TAX $___ | JAIL FEES ___ | VICTIM NAME ___ | |
| $1.00 LIBRARY TAX $___ | VICTIM FEE ___ | ADDRESS ___ | |
| $___ COURT COST ___ | SURCHARGE ___ | | |
| $___ FINES ___ | INTOX. FEE ___ | | |
| $___ CLK INS FEE ___ | BRD. COST ___ | TOTAL AMOUNT $___ | PER MONTH |
| $50.00 CIC FEE ___ | D.A. FEE ___ | (_) UNPAID COMMUNITY SERVICE: | |
| INDIGENT CREDIT ON COSTS | | ___ HOURS ___ DAYS ___ WEEKS ___ MONTH(S) | |
| $___ | APPT.FEE ___ | | |

(_) THE DEFENDANT HAVING BEEN FOUND GUILTY IS RENDERED INFAMOUS AND IS ORDERED TO PROVIDE A BIOLOGICAL SPECIMEN FOR THE
   PURPOSE OF DNA ANALYSIS
(_) PURSUANT TO 35-13-524 THE DEFENDANT IS SENTENCED TO COMMUNITY SUPERVISION FOR LIFE FOLLOWING SENTENCE EXPIRATION.

SPECIAL CONDITIONS:

THE FOLLOWING INSTRUMENT IS A CORRECT COPY OF THE...

DOUGLAS A. MEYER    _Douglas A. Meyer_   11/20/03
JUDGE BANS    JUDGE'S SIGNATURE (DATE SIGNED)    GWEN TIDWELL Criminal Court Clerk

ATTORNEY FOR THE STATE/SIGNATURE (OPTIONAL)    DEFENDANT'S ATTORNEY/SIGNATURE (OPTIONAL)

IN THE CRIMINAL COURT OF HAMILTON COUNTY, TENNESSEE

CASE NUMBER: 237689   COUNT NUMBER: 1   ATTORNEY FOR THE STATE: RODNEY STRONG

JUDICIAL DISTRICT: ELEVEN   JUDICIAL DIVISION: 1   COUNSEL FOR DEFENDANT: WADE HINTON

(__) RETAINED (X) APPOINTED (__) PUBLIC DEFENDER

STATE OF TENNESSEE
VS.

DEFENDANT: DOUGLAS, TIMOTHY LANTCHABL   ALIAS: JACKSON, TIMOTHY MICHAEL
DATE OF BIRTH: ___   SEX: M  RACE: B   SSN: ___
FROM INDICTMENT $___   WARRANT $___   TDOC $___   DOCUMENT CONTROL $___

*********************
* J U D G M E N T *
*********************

COMES THE DISTRICT ATTORNEY GENERAL FOR THE STATE AND THE DEFENDANT WITH COUNSEL OF RECORD FOR ENTRY OF JUDGMENT,
ON THE 20th DAY OF November, 2003, THE DEFENDANT:

| (X) PLEADED GUILTY (__) DISMISSED/NOLLE PROSEQUI | ENDICTMENT CLASS (CIRCLE ONE): 1ST A (B) C D E (X) FELONY (__) MISDEMEANOR |
| (__) NOLO CONTENDRE (__) RETIRED/UNAPPREHENDED DEFENDANT | FILING DATE 8/15/01  OFFENSE AGGRAVATED KIDNAPPING |
| (__) GUILTY PLEA-PURSUANT TO 40-35-313 | AMENDED CHARGE: |
| IS FOUND:  (X) GUILTY  (__) NOT GUILTY | OFFENSE DATE 04/25/01   COUNTY: HAMILTON (Kidnapping) |
| (__) JURY VERDICT  (__) NOT GUILTY BY REASON OF | CONVICTION OFFENSE: Aggravated kidnapping |
| (__) BENCH TRIAL  INSANITY | TCA§: 39130304  SENTENCE IMPOSED DATE: 11/20/03 |
| | CONVICTION CLASS (CIRCLE ONE): 1ST A (B) C D E (X) FELONY (__) MISDEMEANOR |

AFTER CONSIDERING THE EVIDENCE, THE ENTIRE RECORD, AND ALL FACTORS IN T.C.A. TITLE 40, CHAPTER 35, ALL OF WHICH ARE
INCORPORATED BY REFERENCE HEREIN, THE COURT'S FINDINGS AND RULINGS ARE:

| (X) SENTENCE REFORM ACT OF 1989 | (__) 1ST DEGREE MURDER | CONCURRENT WITH: Federal Sentence |
| OFFENDER STATUS (CHECK ONE)   RELEASE ELIGIBILITY (CHECK ONE) (OTHER THAN 1ST DEGREE MURDER)  (OTHER THAN 1ST DEGREE MURDER) | (__) PRE 1982  SENTENCE: | |
| (__) MITIGATED | (__) MITIGATED 20%  (__) MULTIPLE RAPIST 100% | |
| (X) STANDARD | (__) MITIGATED 20%  (__) CHILD RAPIST 100% | CONSECUTIVE TO: 279704 Ct.3 |
| (__) MULTIPLE | (X) STANDARD 30%  (__) REPEAT VIOLENT 100% | (__) SENTENCE REFORM ACT |
| (__) PERSISTENT | (__) MULTIPLE 35%  | OF 1982 |
| (__) CAREER | (__) PERSISTENT 45%  MISC. (IF APPLICABLE) | (__) 30+ RANGE 1 |
| (__) REPEAT VIOLENT | (__) CAREER 60%  (__) SCHOOL ZONE | (__) 35% RANGE 2 |
| | (__) VIOLENT 100%  (__) GANG RELATED | (__) 40% RANGE 3 |

SENTENCED TO:          SENTENCE LENGTH:

(X) TDOC          8 YEARS ___ MONTHS ___ DAYS ___ LIFE ___ LIFE WITHOUT PAROLE ___ DEATH
          MANDATORY MINIMUM SENTENCE (APPLICABLE TO T.C.A. 39-17-417 IN SCHOOL ZONE)
(__) COUNTY JAIL  (__) WORKHOUSE    ___ YEARS ___ MONTHS ___ DAYS ___ HOURS ___ WEEK-ENDS ___ PERIOD(S): (___)
          MANDATORY MINIMUM SENTENCE (APPLICABLE TO T.C.A. 39-17-417, 39-13-513, AND 39-13-514
          IN SCHOOL ZONE)
          PERIOD OF INCARCERATION TO BE SERVED PRIOR TO RELEASE OR PROBATION
          ___ MONTHS ___ DAYS ___ HOURS (MISDEMEANOR ONLY)
          * MINIMUM SERVICE PRIOR TO ELIGIBILITY FOR WORK RELEASE, FURLOUGH, TRUSTY STATUS AND
          REHABILITATIVE PROGRAMS (MISDEMEANOR ONLY)
(__) PROBATION  (__) DIVERSION   ___ YEARS ___ MONTHS ___ DAYS EFFECTIVE:
(__) COMMUNITY BASED ALTERNATIVE   ___ YEARS ___ MONTHS ___ DAYS ___ HOURS ___ WEEK-ENDS
SPECIFY: _____

PRETRIAL JAIL CREDIT PERIOD: FROM 5/19/01 TO 11/20/03   FROM __/__/__ TO __/__/__   OR NUMBER OF DAYS ___

| $27.50 STATE TAX $___ | DUI FEE ___ | RESTITUTION: |
| $27.50 COUNTY TAX $___ | JAIL FEES ___ | VICTIM NAME ___ |
| $1.00 LIBRARY TAX $___ | VICTIM FEE ___ | ADDRESS ___ |
| $___ COURT COST $___ | SURCHARGE ___ | |
| $___ FINES $___ | INTOX. FEE ___ | |
| $___ CLK INS FEE $___ | REV. COST ___ | TOTAL AMOUNT $___   $___ PER MONTH |
| $76.50 CIC FEE $___ | D.A. COST ___ | (__) UNPAID COMMUNITY SERVICE: |
| ✓ INDIGENT CREDIT ON COSTS | | (__) HOURS ___ DAYS ___ WEEKS ___ MONTHS |
| $___ | APPT.FEE ___ | |

(X) THE DEFENDANT HAVING BEEN FOUND GUILTY IS RENDERED INFAMOUS AND IS ORDERED TO PROVIDE A BIOLOGICAL SPECIMAN FOR THE
PURPOSE OF DNA ANALYSIS
(__) PURSUANT TO 39-13-524 THE DEFENDANT IS SENTENCED TO COMMUNITY SUPERVISION FOR LIFE FOLLOWING SENTENCE EXPIRATION.

SPECIAL CONDITIONS:

_____

DOUGLAS A. MEYER        Douglas A. Meyer          11/20/03
JUDGE NAME              JUDGE'S SIGNATURE (DATE SIGNED)    DATE OF ENTRY OF JUDGMENT

_____        _____
ATTORNEY FOR THE STATE/SIGNATURE (OPTIONAL)   DEFENDANT'S ATTORNEY/SIGNATURE (OPTIONAL)

IN THE CRIMINAL COURT OF HAMILTON COUNTY, TENNESSEE

CASE NUMBER: 234704        COUNT NUMBER: 3          ATTORNEY FOR THE STATE: _Rodney Strong_

JUDICIAL DISTRICT: ELEVEN    JUDICIAL DIVISION: 1    COUNSEL FOR DEFENDANT: _David Barrow_

STATE OF TENNESSEE                                   [_] RETAINED  (X) APPOINTED  [_] PUBLIC DEFENDER
VS.

DEFENDANT: DOUGLAS TIMOTHY LAMICHAEL              ALIAS: JACKSON, TIMOTHY MICHAEL
DATE OF BIRTH: _____  SEX: M  RACE: B            SSN: _____
FROM INDICTMENT # _____ WARRANT # _____  TDOC _____ DOCUMENT CONTROL # _____

```
                    *******************
                    * J U D G M E N T *
                    *******************
```

COMES THE DISTRICT ATTORNEY GENERAL FOR THE STATE AND THE DEFENDANT WITH COUNSEL OF RECORD FOR ENTRY OF JUDGMENT.
ON THE _13th_ DAY OF _November, 2000_, THE DEFENDANT:

| | |
|---|---|
| (X) PLED GUILTY  [_] DISMISSED/NOLLE PROSEQUI | INDICTMENT:  CLASS (CIRCLE ONE): 1ST  A  B  C  D (E) |
| [_] NOLO CONTENDERE  [_] REMAND/TRANSFER TO OTHER COURT | (X) FELONY  [_] MISDEMEANOR  FILING DATE: _/_/_ |
| [_] RETIRED/UNAPPREHENDED DEFENDANT | OFFENSE: ESCAPE FROM JAIL OR WORKHOUSE |
| IS FOUND: | AMENDED CHARGE: |
| (X) GUILTY  [_] NOT GUILTY | OFFENSE DATE: 10/05/00   COUNTY: HAMILTON |
| [_] JURY VERDICT  [_] NOT GUILTY BY REASON | CONVICTION OFFENSE: _Escape_ |
| [_] BENCH TRIAL  OF INSANITY | TCA #: 39160605   SENTENCE IMPOSED-DATE _11/13/00_ |
| | CONVICTION CLASS (CIRCLE ONE) 1ST  A  B  C  D (E) |
| | (X) FELONY  [_] MISDEMEANOR |

AFTER CONSIDERING THE EVIDENCE, THE ENTIRE RECORD, AND ALL FACTORS IN T.C.A. TITLE 40, CHAPTER 35, ALL OF WHICH ARE
INCORPORATED BY REFERENCE HEREIN, THE COURT'S FINDINGS AND RULINGS ARE:

| | | | |
|---|---|---|---|
| (X) SENTENCE REFORM ACT 1989 | | [_] PRE 1982 SENTENCE: _____ | CONCURRENT WITH: |
| [_] MITIGATED 20%  [_] MITIGATED 30% | | [_] 1ST DEGREE MURDER | |
| (X) STANDARD 30% RANGE 1  [_] MULTIPLE 35% RANGE 2 | | [_] SENTENCE REFORM ACT OF 1982 | |
| [_] PERSISTENT 45% RANGE 3  [_] CAREER 60% | | [_] 30% RANGE 1 | |
| [_] VIOLENT 100%  [_] MULTIPLE RAPIST | | [_] 35% RANGE 2 | CONSECUTIVE TO: |
| [_] 1ST DEGREE MURDER  [_] CHILD RAPIST | | [_] 40% RANGE 2 | _234704 = CT. 1_ |
| [_] REPEAT VIOLENT OFFENDER  [_] SCHOOL ZONE | | [_] 1ST DEGREE MURDER | |

SENTENCED TO:                    SENTENCE LENGTH:

(X) TDOC          _1_ YEARS ____ MONTHS ____ DAYS ____ LIFE ____ LIFE WITHOUT PAROLE ____ DEATH
                  MANDATORY MINIMUM SENTENCE (APPLICABLE TO T.C.A. 39-17-417 IN SCHOOL ZONE)
[_] COUNTY JAIL  [_] WORKHOUSE  ____ YEARS ____ MONTHS ____ DAYS ____ HOURS ____ WEEK-ENDS ____ PERIODIC:( )
                  MANDATORY MINIMUM SENTENCE (APPLICABLE TO T.C.A. 39-17-417, 39-12-513, AND 39-13-514
                  IN SCHOOL ZONE)
                  PERIOD OF INCARCERATION TO BE SERVED PRIOR TO RELEASE ON PROBATION
                  ____ MONTHS ____ DAYS ____ HOURS (MISDEMEANOR ONLY)
                  % MINIMUM SERVICE PRIOR TO ELIGIBILITY FOR WORK RELEASE, FOURLOUGH, TRUSTY STATUS AND
                  REHABILITATIVE PROGRAMS (MISDEMEANOR ONLY)
(X) PROBATION  [_] DIVERSION  _1_ YEARS ____ MONTHS ____ DAYS EFFECTIVE: _11-13-00_
[_] COMMUNITY BASED ALTERNATIVE  ____ YEARS ____ MONTHS ____ DAYS ____ HOURS ____ WEEK-ENDS
SPECIFY: _____

PRETRIAL JAIL CREDIT PERIOD: FROM _10/25/00_ TO _11/13/00_  FROM _/_/_ TO _/_/_  OR NUMBER OF DAYS _____

| | | | |
|---|---|---|---|
| _29.50_ STATE TAX $ ____ | DUI FEE | | |
| _7.50_ COUNTY TAX $ ____ | JAIL FEES | RESTITUTION: | |
| _1.00_ LIBRARY TAX $ ____ | VICTIM FEE | VICTIM NAME _____ | |
| ____ COURT COST $ ____ | SURCHARGE | ADDRESS _____ | |
| ____ FINES | INTOX. FEE | _____ | |
| ____ CLK INS FEE $ ____ | REV. COST | _____ | |
| _26.50_ CIC FEE $ ____ | D.A. FEE | TOTAL AMOUNT $ ____ | $ ____ PER MONTH |
| ____ INDIGENT CREDIT ON COSTS | APPT.FEE | [_] UNPAID COMMUNITY SERVICE: | |
| | | ____ HOURS ____ DAYS ____ WEEKS ____ MONTH(S) | |

THE DEFENDANT HAVING BEEN FOUND GUILTY IS RENDERED INFAMOUS.

SPECIAL CONDITIONS: _Intensive probation_
_To submit DNA sample_

XXAS A. MEYER
XGE NAME                _Douglas A. Meyer_     _11, 13, 00_     DGS
                        JUDGE'S SIGNATURE (DATE SIGNED)     DATE OF ENTRY OF JUDGMENT

ATTORNEY FOR THE STATE SIGNATURE (OPTIONAL)     DEFENDANT'S ATTORNEY/SIGNATURE (OPTIONAL)
_1/20/03_ Probation revoked. Order judgment
_into execution. Jail credit from 5-9-01_

IN THE CRIMINAL COURT OF HAMILTON COUNTY, TENNESSEE

CASE NUMBER: 234704     COUNT NUMBER:  1

JUDICIAL DISTRICT:  ELEVEN     JUDICIAL DIVISION:  1

ATTORNEY FOR THE STATE: RODNEY STRONG

COUNSEL FOR DEFENDANT: DAVID BARROW

(__) RETAINED  (X) APPOINTED  (__) PUBLIC DEFENDER

STATE OF TENNESSEE
VS.

DEFENDANT: DOUGLAS, TIMOTHY LAMICHAEL
DATE OF BIRTH: ▮▮▮▮  SEX: M  RACE: B
FROM INDICTMENT # _____ WARRANT # _____

ALIAS: JACKSON, TIMOTHY MICHAEL
SSN: ▮▮▮▮
TDOC # _____  DOCUMENT CONTROL # _____

* * * * * * * * * * * * * * * * * * *
* J U D G M E N T *
* * * * * * * * * * * * * * * * * * *

COMES THE DISTRICT ATTORNEY GENERAL FOR THE STATE AND THE DEFENDANT WITH COUNSEL OF RECORD FOR ENTRY OF JUDGMENT.
ON THE 13th DAY OF November, 2000, THE DEFENDANT:

(X) PLED GUILTY     (__) DISMISSED/NOLLE PROSEQUI
(__) NOLO CONTENDERE  (__) REMAND/TRANSFER TO OTHER COURT
                      (__) RETIRED/UNAPPREHENDED DEFENDANT

IS FOUND:

(X) GUILTY     (__) NOT GUILTY

(__) JURY VERDICT  (__) NOT GUILTY BY REASON
(__) BENCH TRIAL      OF INSANITY

INDICTMENT:  CLASS (CIRCLE ONE): 1ST   A (B) C   D   E
(X) FELONY  (__) MISDEMEANOR   FILING DATE: __/__/__
OFFENSE: POSS OF COCAINE FOR RESALE
AMENDED CHARGE:
OFFENSE DATE: 10/05/00     COUNTY: HAMILTON
CONVICTION OFFENSE: Possession of Cocaine for Resale
TCA #: 88882300     SENTENCE IMPOSED DATE 11/13/00
CONVICTION CLASS (CIRCLE ONE) 1ST   A (B) C   D   E
(X) FELONY     (__) MISDEMEANOR

AFTER CONSIDERING THE EVIDENCE, THE ENTIRE RECORD, AND ALL FACTORS IN T.C.A. TITLE 40, CHAPTER 35, ALL OF WHICH ARE
INCORPORATED BY REFERENCE HEREIN, THE COURT'S FINDINGS AND RULINGS ARE:

(X) SENTENCE REFORM ACT 1989
(__) MITIGATED 20%        (__) MITIGATED 30%
(X) STANDARD 30% RANGE 1  (__) MULTIPLE 35% RANGE 2
(__) PERSISTENT 45% RANGE 3  (__) CAREER 60%
(__) VIOLENT 100%         (__) MULTIPLE RAPIST
(__) 1ST DEGREE MURDER    (__) CHILD RAPIST
(__) REPEAT VIOLENT OFFENDER (__) SCHOOL ZONE

(__) PRE 1982 SENTENCE: _____
(__) 1ST DEGREE MURDER
(__) SENTENCE REFORM ACT OF 1982
(__) 30% RANGE 1
(__) 35% RANGE 2
(__) 40% RANGE 2
(__) 1ST DEGREE MURDER

CONCURRENT WITH:

CONSECUTIVE TO:

SENTENCED TO:     SENTENCE LENGTH:

(X) TDOC     8 YEARS ____ MONTHS ____ DAYS ____ LIFE ____ LIFE WITHOUT PAROLE ____ DEATH
             MANDATORY MINIMUM SENTENCE (APPLICABLE TO T.C.A. 39-17-417 IN SCHOOL ZONE)
(__) COUNTY JAIL  (__) WORKHOUSE ____ YEARS ____ MONTHS ____ DAYS ____ HOURS ____ WEEK-ENDS ____ PERIODIC: (____)
             MANDATORY MINIMUM SENTENCE (APPLICABLE TO T.C.A. 39-17-417, 39-13-513, AND 39-13-514
             IN SCHOOL ZONE)
             PERIOD OF INCARCERATION TO BE SERVED PRIOR TO RELEASE ON PROBATION
             ____ MONTHS ____ DAYS ____ HOURS (MISDEMEANOR ONLY)
             ____ % MINIMUM SERVICE PRIOR TO ELIGIBILITY FOR WORK RELEASE, FURLOUGH, TRUSTY STATUS AND
             REHABILITATIVE PROGRAMS (MISDEMEANOR ONLY)
(X) PROBATION  (__) DIVERSION  8 YEARS ____ MONTHS ____ DAYS EFFECTIVE: 11-13-00
(__) COMMUNITY BASED ALTERNATIVE ____ YEARS ____ MONTHS ____ DAYS ____ HOURS ____ WEEK-ENDS
     SPECIFY: _____

PRETRIAL JAIL CREDIT PERIOD: FROM 10/5/00 TO 10/7/00 FROM 10/23/00 TO 11/13/00 OR NUMBER OF DAYS _____

(24.50) STATE TAX $ _____  DUI FEE _____
(39.50) COUNTY TAX $ _____  JAIL FEES _____   RESTITUTION:
(1.00) LIBRARY TAX $ _____  VICTIM FEE _____   VICTIM NAME _____
(48.50) COURT COST $ _____  SURCHARGE _____   ADDRESS _____
        FINES $ _____       INTOX. FEE _____
        CLK INS FEE $ _____  REV. CONT _____
(36.50) CIC FEE $ _____     D.A. FEE _____   TOTAL AMOUNT $ _____   $ _____ PER MONTH
   INDIGENT CREDIT ON COSTS                     (__) UNPAID COMMUNITY SERVICE:
        $ _____            APPT.FEE _____     (____ HOURS ____ DAYS ____ WEEKS ____ MONTHS)

THE DEFENDANT HAVING BEEN FOUND GUILTY IS RENDERED INFAMOUS.

SPECIAL CONDITIONS: Intensive Probation
To submit DNA Sample
A2000 fine

NKLAS A. MEYER
DGE NAME

_Douglas A. Meyer_
JUDGE'S SIGNATURE (DATE SIGNED)

11,13,00
DATE OF ENTRY OF JUDGMENT

ATTORNEY FOR THE STATE/SIGNATURE (OPTIONAL)

DEFENDANT'S ATTORNEY/SIGNATURE (OPTIONAL)

1-00/03  Probation revoked. Order judgment
to execution. Jail credit from  5-9-01

IN THE CRIMINAL COURT OF HAMILTON COUNTY, TENNESSEE

CASE NUMBER: 234704     COUNT NUMBER: 2

JUDICIAL DISTRICT: ELEVEN     JUDICIAL DIVISION: 1

ATTORNEY FOR THE STATE: RODNEY STRONG
COUNSEL FOR DEFENDANT: DAVID BARROW
(__) RETAINED (X) APPOINTED (__) PUBLIC DEFENDER

STATE OF TENNESSEE
VS.

DEFENDANT: DOUGLAS, TIMOTHY LAMICHAEL
DATE OF BIRTH: [redacted]     SEX: M RACE: B
FROM INDICTMENT _____     WARRANT # _____

ALIAS: JACKSON, TIMOTHY MICHAEL
SSN: _____
TDOC _____ DOCUMENT CONTROL # _____

**********************
* J U D G M E N T *
**********************

COMES THE DISTRICT ATTORNEY GENERAL FOR THE STATE AND THE DEFENDANT WITH COUNSEL OF RECORD FOR ENTRY OF JUDGMENT.
ON THE 13th DAY OF November, 2000, THE DEFENDANT:

(X) PLED GUILTY     (__) DISMISSED/NOLLE PROSEQUI

(__) NOLO CONTENDERE     (__) REMAND/TRANSFER TO OTHER COURT

(__) RETIRED/UNAPPREHENDED DEFENDANT

IS FOUND:

(X) GUILTY     (__) NOT GUILTY

(__) JURY VERDICT     (__) NOT GUILTY BY REASON

(__) BENCH TRIAL     OF INSANITY

INDICTMENT: CLASS (CIRCLE ONE): 1ST A (B) C D E

(__) FELONY (X) MISDEMEANOR     FILING DATE: __/__/__

OFFENSE: DRIVING ON REVOKED, SUSPENDED OR CANCELLED LI

AMENDED CHARGE:

OFFENSE DATE: 10/05/00     COUNTY: HAMILTON

CONVICTION OFFENSE: Dr. Rev. License

TCA #: 55500504     SENTENCE IMPOSED-DATE 11/13/00

CONVICTION CLASS (CIRCLE ONE) 1ST A (B) C D E

(__) FELONY     (X) MISDEMEANOR

AFTER CONSIDERING THE EVIDENCE, THE ENTIRE RECORD, AND ALL FACTORS IN T.C.A. TITLE 40, CHAPTER 35, ALL OF WHICH ARE INCORPORATED BY REFERENCE HEREIN, THE COURT'S FINDINGS AND RULINGS ARE:

(__) SENTENCE REFORM ACT 1989
(__) MITIGATED 20%
(__) STANDARD 30% RANGE 1     (__) MITIGATED 30%
(__) PERSISTENT 45% RANGE 3     (__) MULTIPLE 35% RANGE 2
(__) VIOLENT 100%     (__) CAREER 60%
(__) 1ST DEGREE MURDER     (__) MULTIPLE RAPIST
(__) REPEAT VIOLENT OFFENDER (__) CHILD RAPIST
(__) SCHOOL ZONE

(__) PRE 1982 SENTENCE: _____
(__) 1ST DEGREE MURDER
(__) SENTENCE REFORM ACT OF 1982
(__) 30% RANGE 1
(__) 35% RANGE 2
(__) 40% RANGE 2
(__) 1ST DEGREE MURDER

CONCURRENT WITH:

CONSECUTIVE TO:

SENTENCED TO:

SENTENCE LENGTH:

(__) TDOC
____YEARS ____MONTHS ____DAYS ____LIFE ____LIFE WITHOUT PAROLE ____DEATH
MANDATORY MINIMUM SENTENCE (APPLICABLE TO T.C.A. 39-17-417 IN SCHOOL ZONE)

(__) COUNTY JAIL (X) WORKHOUSE ____YEARS 6 MONTHS ____DAYS ____HOURS ____WEEK-ENDS ____PERIODIC: (_____)
MANDATORY MINIMUM SENTENCE (APPLICABLE TO T.C.A. 39-17-417, 39-13-513, AND 39-13-514
IN SCHOOL ZONE)
PERIOD OF INCARCERATION TO BE SERVED PRIOR TO RELEASE ON PROBATION
____MONTHS ____DAYS ____HOURS (MISDEMEANOR ONLY)
% MINIMUM SERVICE PRIOR TO ELIGIBILITY FOR WORK RELEASE, FOURLOUGH, TRUSTY STATUS AND
REHABILITATIVE PROGRAMS (MISDEMEANOR ONLY)

(X) PROBATION (__) DIVERSION ____YEARS 6 MONTHS ____DAYS EFFECTIVE: 11-13-00
(__) COMMUNITY BASED ALTERNATIVE ____YEARS ____MONTHS ____DAYS ____HOURS ____WEEK-ENDS
SPECIFY: _____

PRETRIAL JAIL CREDIT PERIOD: FROM 10/5/00 TO 10/7/00 FROM __/__/__ TO __/__/__ OR NUMBER OF DAYS _____

| | | | |
|---|---|---|---|
| 29.50 STATE TAX | $ | DUI FEE | |
| 33.50 COUNTY TAX | $ | JAIL FEES | RESTITUTION: |
| 2.00 LIBRARY TAX | $ | VICTIM FEE | VICTIM NAME |
| COURT COST | $ | SURCHARGE | ADDRESS |
| FINES | $ | INTOX. FEE | |
| CLK INS FEE | $ | REV. COST | |
| CIC FEE | $ | D.A. FEE | TOTAL AMOUNT $ _____  $ _____ PER MONTH |
| INDIGENT CREDIT ON COSTS | | | (__) UNPAID COMMUNITY SERVICE: |
| 0.00 CIF | $ | APPT.FEE | (____HOURS ____DAYS ____WEEKS ____MONTHS) |

THE DEFENDANT HAVING BEEN FOUND GUILTY IS RENDERED INFAMOUS.

SPECIAL CONDITIONS: Unsupervised probation

JAS A. MEYER
: NAME

_Douglas A. Meyer_     11/13/00     1299
JUDGE'S SIGNATURE (DATE SIGNED)     DATE OF ENTRY OF JUDGMENT

_____
ATTORNEY FOR THE STATE/SIGNATURE (OPTIONAL)     DEFENDANT'S ATTORNEY/SIGNATURE (OPTIONAL)

2-03 Probation revoked. Order judgment
execution. Jail credit from 5-2-11

**Ex. 1, Attach. D, p. 11**

*Hamilton County Criminal Court*

### Rule Docket

| | | | | | | |
|---|---|---|---|---|---|---|
| **State vs.** DOUGLAS, TIMOTHY LAMICHAEL | | | Docket #: | **234704** | | |

**State vs.** DOUGLAS, TIMOTHY LAMICHAEL          Docket #:   **234704**

| DOB: ▮▮▮▮   Sex: M    Race: B | | |
|---|---|---|

| | Counts: | Thru | TCA: |
|---|---|---|---|
| POSSESSION OF COCAINE FOR RESALE | Counts: 1 | Thru 1 | TCA: 39170418 |
| DRIVING ON REVOKED, SUSPENDED OR CANCELLED LICENSE | Counts: 2 | Thru 2 | TCA: 55500504 |
| ESCAPE FROM JAIL OR WORKHOUSE | Counts: 3 | Thru 3 | TCA: 39170401 |

| Lower Court: | General Sessions | Arresting Officer: STACK MARK #998 | Attorney: | HINTON, WADE |
|---|---|---|---|---|
| Bonding Co.: | | Bond Amt:  $0.00 | | |

State Witnessess

| | |
|---|---|
| 6/20/2005 | CLAIM FOR ATTORNEY FEE SUSTAINED #1  (332.00) |
| 6/16/2005 | CLAIM FOR ATTORNEY FEES FILED |
| 11/20/2003 | REVOCATION SUSTAINED DEFT VIOLATED PROBATION WITH NEW ARRESTS SENTENCE IS ORDERED INTO EXECUTION    #1 |
| 11/20/2003 | REVOCATION SUSTAINED   #1 |
| 7/15/2003 | PASSED NOVEMBER 20, 2003  FOR A  REVOCATION HEARING    #1 |
| 3/11/2003 | PASSED TO JULY 15, 2003 FOR REVOCATION HEARING    #1 |
| 11/13/2002 | MOTION FOR ATTORNEY FEE SUSTAINED #1 (956.00) |
| 11/7/2002 | FORMAL ORDER ENTERED PERMITTING ATTORNEY JULIE HALL BAKER TO WITHDRAW AND APPOINTING ATTORNEY WADRICK HINTON #1 |
| 11/7/2002 | MOTION FOR ATTORNEY FEE FILED |
| 11/5/2002 | MOTION TO WITHDRAW FILED |
| 10/29/2002 | PASSED MARCH 11, 2003  FOR DISPOSITION    #1 |
| 10/2/2002 | PASSED OCT  28, 2002  FOR DISPOSITION     #1 |
| 9/12/2002 | PASSED OCT  2,   2002  FOR A REVOCATION HEARING   #1 |
| 8/7/2002 | PASSED SEPT  12, 2002  FOR  A REVOCATION HEARING   #1 |
| 5/29/2002 | PASSED AUGUST  7, 2002  FOR A REVOCATION  HEARING    #1 |
| 3/28/2002 | PASSED MAY  29, 2002  FOR A REVOCATION HEARING    #1 |
| 12/10/2001 | PASSED MARCH  28, 2002  FOR A REVOCATION HEARING    #1 |
| 10/31/2001 | PASSED DEC 10, 2001  FOR A REVOCATION  HEARING #1 |
| 10/17/2001 | PASSED OCT  31, 2001  FOR A REVOCATION  HEARING    #1 |
| 10/3/2001 | PASSED OCT  17, 2001  FOR A REVOCATION  HEARING    #1 |
| 8/29/2001 | PASSED OCTOBER  3, 2001  FOR A REVOCATION HEARING    #1 |
| 8/7/2001 | 01 DEFENSE SUBPOENAS EXECUTED - CUPP |

**Ex. 1, Attach. D, p. 12**

[EXTERNAL] RE: Douglas, Timothy 18211 074 TOMIS# 326584

## Jeannetta Kimbro <Jeannetta.Kimbro@tn.gov>

Wed 6/8/2022 10:50 AM

To: BOP-CPD-DSC-TeamBravo-S (BOP) <BOP-CPD-DSC-TeamBravo-S@bop.gov>

Hey Regina,
He was sentenced to Probation 1-13-2000 case #234704 ct1 Cocaine 8yrs, pre-trial jail credit 10-5-2000 to 10-7-2000 and 10 23 2000 to 11 12 2000,
and case #234704 ct3 Felony Escape 1yrs consecutive to #234704 ct1, no pre-trial jail credit. Total 9yrs.
Probation revoked to serve 11 20 03, no credit for time on probation 11 13 2000 to 5 8 2001   Time serve 5 9 2001 to 8-12-2014 when he was released on Parole to his Federal detainer.
While out on probation on the above cases, he received a new conviction and sentenced 11 20 03, case #237685 ct1 Aggravated Kidnapping  8yrs, consecutive to case #234704 ct3.  No pre-trial jail credit on this case, time serve 11 20 03 to 8 12 14 when he was released on Parole to his Federal detainer   His total time to serve of 17yrs
Thanks
Jeannetta

---

**From:** Buckner, Regina (BOP) <rbuckner@bop.gov> **On Behalf Of** BOP-CPD-DSC-TeamBravo-S (BOP)
**Sent:** Monday, June 6, 2022 8:05 AM
**To:** Jeannetta Kimbro <Jeannetta.Kimbro@tn.gov>
**Subject:** [EXTERNAL] Douglas, Timothy 18211-074 TOMIS# 326584

Good morning,

Could you please provide us sentencing information regarding this individuals most recent TN sentence?

thank you,
B/RLB


BRAVO TEAM

Yolande Davis (YYD), Operations Manager
972-595-3143 or Ext. 3143

Emily Craver (ERC), CCS, Ext. 3010
Lisa Smith (LDS), CCS, Ext. 4439
Deena Harris (DYH), CCS, Ext. 3183
Sheila Clark (SAC), CCS, Ext. 3052
Margaret Ortiz (MXO), CCS, Ext. 5980
Pamela Everett-Taylor (PET), CCS, Ext. 3068

Briona Gilliam (BRG) CCT, Ext. 3040

Danica Ramirez (ERC) CCT, Ext. 3092
Eric Havlik (EAH), CCT, Ext. 3166
Regina Buckner (RLB), CCT, Ext. 5985

**Ex. 1, Attach. D, p. 13**

Attachment E



# STATE OF TENNESSEE
## BOARD OF PAROLE
### Division of Board Operations
### Parole Certificate
**155515**

*18211-074*

Parole Type

Detainer

Certificate Type

Regular

### Douglas, Timothy — PRISON NUMBER 00326584,
### is eligible to be paroled from Whiteville Correctional Facility

and there is reasonable probability that said prisoner will remain at liberty without violating the law. It further being the opinion of the Tennessee Board of Parole that the parole of this prisoner is not incompatible with the welfare of society.

It is hereby ordered that said prisoner be, and hereby is, paroled, subjective to the following conditions, effective: **August 12, 2014**

1. I will proceed directly to my destination and upon arrival report immediately to my Probation/Parole Officer or in any event no later than 72 hours after release.

2. I will obey the laws of the United States or any state, in which I may be, as well as any municipal ordinances.

3. I will report all arrests, including traffic violations, immediately, regardless of the outcome, to my Probation/Parole Officer. I will, when away from my residence, have on my person my parole identification card and present it to the proper authority.

4. I will not own, possess, or carry any type of deadly weapon (guns, rifles, knives) or any illegal weapons.

5. I will work steadily at a lawful occupation. If I become unemployed, I will immediately report this to my Probation/Parole Officer and then begin to look for another job.

6. I will get the permission of my Probation/Parole Officer before changing my residence or employment, or before leaving the county of my residence or the state.

7. I will allow my Probation/Parole Officer to visit my home, employment site, or elsewhere, and will carry out all lawful instructions he/she gives and report to my Probation/Parole Officer as instructed, and will carry out all lawful instructions of the Administrative Case Review Committee, and will comply with a referral to Resource Center programs, if available, by attending, and will submit to electronic monitoring or community service if required.

8. I agree to a search, without a warrant, of my person, vehicle, property, or place of residence by any Probation/Parole officer or law enforcement officer, at any time without reasonable suspicion.

9. I will not use intoxicants (beer, whiskey, wines, etc) of any kind to excess. I will not use or have in my possession illegal drugs. I will submit to drug screens or drug tests as directed by my Probation/Parole Officer.

10. I will waive all extradition rights and processes and agree to return to Tennessee if at any time prior to my release from parole, the Board of Parole directs that I do so.

11. I agree to pay all required fees to the Supervision and Criminal Injuries fund and restitution as ordered by the court.

12. I will not engage in any assaultive, abusive, threatening or intimidating behavior. Nor will I participate in any criminal street gang related activities as defined by TCA 40-35-121. I will not behave in a manner that poses a threat to others or myself.

13. If paroled to a detainer(s), I will report to the office designated if released from that detainer before my Tennessee parole expiration date.

**SPECIAL CONDITIONS:**

1. If convicted of a sex offense, I will abide by the Specialized Parole Conditions for Sex Offenders as adopted by the Board of Parole.
2. Detainer Only
3.
4.
5.

| Parole Officer: Janet Reed | Telephone: (865) 582-2000 |
| --- | --- |
| Location:  (P47R) Knoxville Probation and Parole Office;1426 Elm Street,Knoxville, TN 37921 | |

I fully understand this order of parole, and I agree to comply with such conditions during the period of my parole, this the _12_ day of ___Aug___, 20 _14_. Further I hereby waive all extradition rights and process and agree to return to Tennessee voluntarily if at any time prior to my release the Tennessee Board of Paroles directs me to do so. Said parole shall expire upon the sentence expiration date.

WITNESS SIGNATURE

PAROLEE SIGNATURE

Distribution:  Central Office, Parole Officer, Parolee, Institution

BP-0015 (REV 08/15/2010)

RDA N/A

Attachment F

```
DSCCQ  540*23  *              SENTENCE MONITORING            *      07-30-2021
PAGE 001          *              COMPUTATION DATA               *      14:03:20
                                 AS OF 07-30-2021


REGNO..: 18211-074 NAME: DOUGLAS, TIMOTHY L


FBI NO...........: 39731AB5             DATE OF BIRTH: ███████   AGE:  45
ARS1.............: I-T/A-ADMIT          ARS2.........: LEW/FED WRIT
UNIT.............:                      QUARTERS.....:
DETAINERS........: NO                   NOTIFICATIONS: NO


HOME DETENTION ELIGIBILITY DATE: 08-25-2028


THE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S CURRENT COMMITMENT.
THE INMATE IS PROJECTED FOR RELEASE:  02-25-2029 VIA GCT REL



---------------------CURRENT JUDGMENT/WARRANT NO: 010 -----------------------

COURT OF JURISDICTION...........: TENNESSEE, EASTERN DISTRICT
DOCKET NUMBER...................: 1:01-CR-146-01
JUDGE...........................: COLLIER
DATE SENTENCED/PROBATION IMPOSED: 09-20-2002
DATE COMMITTED..................: 09-10-2014
HOW COMMITTED...................: US DISTRICT COURT COMMITMENT
PROBATION IMPOSED...............: NO


                  FELONY ASSESS  MISDMNR ASSESS   FINES          COSTS
NON-COMMITTED.: $200.00        $00.00          $00.00        $00.00

RESTITUTION...:  PROPERTY:  NO  SERVICES:  NO        AMOUNT:  $3,565.00

-----------------------CURRENT OBLIGATION NO: 010 --------------------------
OFFENSE CODE....:  554     18:2113(D) ROBBRY,ASSLT,BANK
OFF/CHG: 18:2113(D) ARMED BANK ROBBERY

 SENTENCE PROCEDURE.............: 3559 PLRA SENTENCE
 SENTENCE IMPOSED/TIME TO SERVE.:   140 MONTHS
 TERM OF SUPERVISION.............:     5 YEARS
 RELATIONSHIP OF THIS OBLIGATION
  TO OTHERS FOR THE OFFENDER....: CT 1
 DATE OF OFFENSE................: 03-15-2001








G0002       MORE PAGES TO FOLLOW . . .
```

```
  DSCCQ  540*23 *          SENTENCE MONITORING          *    07-30-2021
PAGE 002          *          COMPUTATION DATA            *    14:03:20
                             AS OF 07-30-2021


REGNO..: 18211-074 NAME: DOUGLAS, TIMOTHY L


-----------------------CURRENT OBLIGATION NO: 020 -------------------------
OFFENSE CODE....:  130    18:924(C) FIREARMS LAWS         FSA INELIGIBLE
OFF/CHG: 18:924(C)(1)(A)(II) BRANDISHING A FIREARM DURING A CRIME OF
         VIOLENCE

   SENTENCE PROCEDURE.............: 3559 PLRA SENTENCE
   SENTENCE IMPOSED/TIME TO SERVE.:   84 MONTHS
   TERM OF SUPERVISION............:    5 YEARS
   RELATIONSHIP OF THIS OBLIGATION
    TO OTHERS FOR THE OFFENDER....: CT 2
   DATE OF OFFENSE................: 03-15-2001

-----------------------CURRENT COMPUTATION NO: 010 ------------------------

COMPUTATION 010 WAS LAST UPDATED ON 04-08-2020 AT DSC AUTOMATICALLY
COMPUTATION CERTIFIED ON 10-21-2014 BY DESIG/SENTENCE COMPUTATION CTR

THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
CURRENT COMPUTATION 010: 010 010, 010 020

DATE COMPUTATION BEGAN..........: 08-12-2014
AGGREGATED SENTENCE PROCEDURE...: AGGREGATE GROUP 800 PLRA
TOTAL TERM IN EFFECT............:  224 MONTHS
TOTAL TERM IN EFFECT CONVERTED..:   18 YEARS        8 MONTHS
AGGREGATED TERM OF SUPERVISION..:    5 YEARS
EARLIEST DATE OF OFFENSE........: 03-15-2001

JAIL CREDIT.....................:  FROM DATE    THRU DATE
                                   05-09-2001   09-19-2002




G0002      MORE PAGES TO FOLLOW . . .
```

**Ex. 1, Attach. F, p. 2**

```
 DSCCQ  540*23 *           SENTENCE MONITORING          *      07-30-2021
PAGE 003 OF 003 *            COMPUTATION DATA           *      14:03:20
                          AS OF 07-30-2021


REGNO..: 18211-074 NAME: DOUGLAS, TIMOTHY L


TOTAL PRIOR CREDIT TIME.........: 499
TOTAL INOPERATIVE TIME..........: 0
TOTAL GCT EARNED AND PROJECTED..: 1007
TOTAL GCT EARNED................: 432
STATUTORY RELEASE DATE PROJECTED: 02-25-2029
ELDERLY OFFENDER TWO THIRDS DATE: 09-09-2025
EXPIRATION FULL TERM DATE.......: 11-29-2031
TIME SERVED.....................:      8 YEARS      4 MONTHS
PERCENTAGE OF FULL TERM SERVED..:  44.6
PERCENT OF STATUTORY TERM SERVED:  52.3


PROJECTED SATISFACTION DATE.....: 02-25-2029
PROJECTED SATISFACTION METHOD...: GCT REL

REMARKS.......: PAROLED BY STATE TO FEDERAL DETAINER 08-12-14 (DCB)/B/PJLG.
                WILLIS FROM 05-09-2011 THRU 09-19-2002/B/PJLG
                04-08-20 GCT UPDT PURSUANT TO FSA B/LMH;
```

```
G0000       TRANSACTION SUCCESSFULLY COMPLETED
```

**Ex. 1, Attach. F, p. 3**

Attachment G

AO 245C (Rev. TNED 10/2019) Amended Judgment in a Criminal Case          (Note: Identify Changes with Asterisks (*))

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE CHATTANOOGA DIVISION

UNITED STATES OF AMERICA

v.

TIMOTHY L DOUGLAS

USM#18211-074
Date of Original Judgment: 10/8/2002

**AMENDED JUDGMENT IN A CRIMINAL CASE**

Case Number: **1:01-CR-00146-CLC-CHS(1)**

**Reedy C. Swanson**
Defendant's Attorney

THE DEFENDANT:

☒ pleaded guilty to count(s):   One and Two of the Indictment.

☐ pleaded nolo contendere to count(s)   which was accepted by the court.

☐ was found guilty on count(s)   after a plea of not guilty.

ACCORDINGLY, the court has adjudicated that the defendant is guilty of the following offense(s):

| Title & Section and Nature of Offense | Date Violation Concluded | Count |
|---|---|---|
| **18 U.S.C. §2113(d)** | 03/15/2001 | 1 |
| Armed Bank Robbery | 03/15/2001 | 2 |
| **18 U.S.C. §924(c)(1)(A)(ii)** | | |
| Brandishing a Firearm During a Crime of Violence | | |

The defendant is sentenced as provided in pages 2 through 7 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s).

☐ All remaining count(s) as to this defendant are dismissed upon motion of the United States.

IT IS ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and the United States attorney of any material change in the defendant's economic circumstances.

**July 14, 2021**
Date of Imposition of Judgment

**/s/**
Signature of Judicial Officer

**Curtis L Collier , United States District Judge**
Name & Title of Judicial Officer

**July 26, 2021**
Date

**Ex. 1, Attach. G, p. 1**

AO 245C (Rev. TNED 10/2019) Amended Judgment in a Criminal Case          (Note: Identify Changes with Asterisks (*))

| | |
|---|---|
| DEFENDANT:      TIMOTHY L DOUGLAS | Judgment - Page 2 of 7 |
| CASE NUMBER:     1:01-CR-00146-CLC-CHS(1) | |

# IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of: **130 months.** This term consists of 46 months on Count One and 84 months on Count Two, to be served consecutively to Count One.

☒ The court makes the following recommendations to the Bureau of Prisons: The Court recommends that the defendant receive 500 hours of substance abuse treatment from the Bureau of Prisons' Institution Residential Drug Abuse Treatment Program and that the defendant be placed in a halfway house at the end of his sentence.

☒ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

     ☐ at      ☐ a.m.    ☐ p.m.    on

     ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

     ☐ before 2 p.m. on   .

     ☐ as notified by the United States Marshal.

     ☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

Defendant delivered on
       to       ,
       at       ,
       with a certified copy of this judgment.

 

_____

UNITED STATES MARSHAL

 

By _____

DEPUTY UNITED STATES MARSHAL

**Ex. 1, Attach. G, p. 2**

AO 245C (Rev. TNED 10/2019) Amended Judgment in a Criminal Case         (Note: Identify Changes with Asterisks (*))

| | |
|---|---|
| DEFENDANT:     TIMOTHY L DOUGLAS | Judgment - Page 3 of 7 |
| CASE NUMBER:    1:01-CR-00146-CLC-CHS(1) | |

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **5 years.**

# MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.

2. You must not unlawfully possess a controlled substance.

3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
   - ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. (*check if applicable*)

4. ☐ You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentencing of restitution. *(check if applicable)*

5. ☒ You must cooperate in the collection of DNA as directed by the probation officer. (*check if applicable*)

6. ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which you reside, work, are a student, or were convicted of a qualifying offense. (*check if applicable*)

7. ☐ You must participate in an approved program for domestic violence. (*check if applicable*)

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

**Ex. 1, Attach. G, p. 3**

AO 245C (Rev. TNED 10/2019) Amended Judgment in a Criminal Case                              (Note: Identify Changes with Asterisks (*))

| | | |
|---|---|---|
| DEFENDANT: | TIMOTHY L DOUGLAS | Judgment - Page 4 of 7 |
| CASE NUMBER: | 1:01-CR-00146-CLC-CHS(1) | |

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

# U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the mandatory, standard, and any special conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.


Defendant's Signature _____          Date _____

AO 245C (Rev. TNED 10/2019) Amended Judgment in a Criminal Case                    (Note: Identify Changes with Asterisks (*))

| | |
|---|---|
| DEFENDANT: | TIMOTHY L DOUGLAS |
| CASE NUMBER: | 1:01-CR-00146-CLC-CHS(1) |

Judgment - Page 5 of 7

# SPECIAL CONDITIONS OF SUPERVISION

1.  All other terms of the Original Judgment will remain in effect.

**Ex. 1, Attach. G, p. 5**

AO 245C (Rev. TNED 10/2019) Amended Judgment in a Criminal Case                    (Note: Identify Changes with Asterisks (*))

| DEFENDANT: | TIMOTHY L DOUGLAS | Judgment - Page 6 of 7 |
| CASE NUMBER: | 1:01-CR-00146-CLC-CHS(1) | |

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the Schedule of Payments sheet of this judgment.

| | Assessment | Restitution | Fine | AVAA Assessment* | JVTA Assessment ** |
|---|---|---|---|---|---|
| **TOTALS** | $200.00 | $.00 | $.00 | $.00 | $.00 |

☐   The determination of restitution is deferred until     An *Amended Judgment in a Criminal Case (AO245C)* will be entered after such determination.

☐   The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

☐   Restitution amount ordered pursuant to plea agreement $

The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options under the Schedule of Payments sheet of this judgment may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐   The court determined that the defendant does not have the ability to pay interest and it is ordered that:
    ☐  the interest requirement is waived for the    ☐  fine       ☐  restitution
    ☐  the interest requirement for the    ☐  fine       ☐  restitution is modified as follows:

* Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299.
** Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22
*** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

**Ex. 1, Attach. G, p. 6**

AO 245C (Rev. TNED 10/2019) Amended Judgment in a Criminal Case                    (Note: Identify Changes with Asterisks (*))

| | | |
|---|---|---|
| DEFENDANT: | TIMOTHY L DOUGLAS | Judgment - Page 7 of 7 |
| CASE NUMBER: | 1:01-CR-00146-CLC-CHS(1) | |

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A** ☒    Lump sum payment of $   200.00   due immediately, balance due
     ☐   not later than                          , or
     ☒   in accordance with    ☐   C,    ☐   D,    ☐   E, or    ☒   F below; or

**B** ☐   Payment to begin immediately (may be combined with    ☐   C,    ☐   D, or    ☐   F below); or

**C** ☐   Payment in equal         *(e.g., weekly, monthly, quarterly)* installments of $           over a period
     of     *(e.g., months or years)*, to commence     *(e.g., 30 or 60 days)* after the date of this judgment; or

**D** ☐   Payment in equal         *(e.g., weekly, monthly, quarterly)* installments of $           over a period
     of    *(e.g., months or years)*, to commence     *(e.g., 30 or 60 days)* after release from imprisonment to a term of
     supervision; or

**E** ☐   Payment during the term of supervised release will commence within         *(e.g., 30 or 60 days)* after release from
     imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** ☐   Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the **U.S. District Court, 900 Georgia Avenue, Joel W. Solomon Federal Building, United States Courthouse, Chattanooga, TN, 37402**. Payments shall be in the form of a check or a money order, made payable to U.S. District Court, with a notation of the case number including defendant number.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐   Joint and Several
     See above for Defendant and Co-Defendant Names and Case Numbers *(including defendant number)*, Total Amount, Joint and
     Several Amount, and corresponding payee, if appropriate.
     ☐ Defendant shall receive credit on his restitution obligation for recovery from other defendants who contributed to the same
     loss that gave rise to defendant's restitution obligation.

☐   The defendant shall pay the cost of prosecution.

☐   The defendant shall pay the following court cost(s):

☐   The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA Assessment, (9) penalties, and (10) costs, including cost of prosecution and court costs.

**Ex. 1, Attach. G, p. 7**

Attachment H

**U.S. Department of Justice**

Federal Bureau of Prisons

*Designation and Sentence Computation Center*

*U.S. Armed Forces Reserve Complex*
*346 Marine Forces Drive*
*Grand Prairie, Texas 75051*

June 15, 2022

The Honorable Curtis L. Collier
Senior United States District Court Judge
  for the Eastern District of Tennessee
Joel W. Solomon Federal Building and United States Courthouse
900 Georgia Avenue, Room 253
Chattanooga, Tennessee 37402

**RE: DOUGLAS, Timothy L.**
     Register Number: 18211-074
     Case Number: 1:01-CR-146-01

Dear Senior Judge Collier:

On September 20, 2002, Timothy L. Douglas was sentenced by
the Court to a 224-month total term of confinement (later reduced
to a 130-month total term of confinement) for Armed Bank Robbery
and Brandishing a Firearm During a Crime of Violence. Mr. Douglas
has requested credit for time spent in service of a state
sentence, which the Bureau of Prisons (Bureau) considers a request
for a retroactive designation, which would in turn make his
federal sentence concurrent with his state term. This would be
accomplished by the Bureau designating the state institution for
service of his federal sentence under 18 U.S.C. § 3621(b). Such
action would thereby reduce the total amount of time spent in
custody. In Setser v. United States, 566 U.S. 231, 237 (2012),
the United States Supreme Court held that the authority to order a
federal sentence concurrent with or consecutive to any other
sentence rests with the federal sentencing court. The Bureau is
requesting guidance as to how Mr. Douglas' federal sentence should
run with respect to a sentence he has served with the State of
Tennessee.

At the time the federal sentence was imposed, Mr. Douglas was
under the primary jurisdiction of authorities in the State of
Tennessee, and in federal custody pursuant to a writ of habeas
corpus. The respective Judgment in a Criminal Case was silent

regarding any relationship with the forthcoming action by the State of Tennessee. Following sentencing, Mr. Douglas was returned to state authorities and the U.S. District Court Judgment was filed as a detainer.

On November 20, 2003, Mr. Douglas was sentenced by the State of Tennessee to a 17-year total term of imprisonment for Aggravated Kidnapping, Assault (4 Counts), and a Probation Revocation in the Criminal Court of Hamilton County, Eleventh Judicial District, Case Numbers 237685, 234704, 237565, and 237911. The state information received by the Bureau indicates the court intended the sentences to run concurrent with the federal sentence.

The Bureau strives to administer sentences in accordance with federal statutes, Bureau policy, and the intent of the sentencing court. If, after 60 days, a response has not been received from the Court, the Bureau will complete its review and make a decision regarding this case.

Should the Court indicate the sentence is to run concurrently with the state term, the Bureau will commence the sentence in the above judgment on a date which will result in the satisfaction of his federal sentence, and the release from Bureau custody of Mr. Douglas, while maintaining the integrity of the 18 U.S.C. § 924(c) mandatory consecutive 84-month term. Should the Court indicate the sentence is to run consecutively to the state term, his federal sentence will continue to a current projected release date of December 29, 2023.

We respectfully request that you please advise us in writing at your earliest convenience, as to the Court's position on a retroactive designation in this case. Should additional information be necessary, please contact Marcus Boudreaux, Correctional Programs Specialist, at 972-595-3189.

Sincerely,

Kathy Williams, Chief
Sentence Computations

brp
cc: Steven Neff, AUSA
    Daniel Haimelin, Supervisory USPO

**Ex. 1, Attach. H, p. 2**

**RETROACTIVE DESIGNATION; DOUGLAS, Case Number: I:0I-CR-146-01, Register Number: 18211-074**

Meadows Jr., Tony (BOP) <t3Meadows@bop.gov>
on behalf of
BOP-CPD-DSC-BardenReview-S (BOP) <BOP-CPD-DSC-BardenReview-S@bop.gov>
Wed 6/15/2022 2:23 PM
To: Neff, Steven (USATNE) <SNeff@usa.doj.gov>;duty-tnep-chattanooga@tnep.uscourts.gov <duty-tnep-chattanooga@tnep.uscourts.gov>

📎 1 attachments (146 KB)
18211074 BAR.pdf;

Hello,

For your information, the attached letter is being mailed to the court for review.

Thank you. //TBM

Marcus Boudreaux, Correctional Programs Specialist
Barden Coordinator
Federal Bureau of Prisons
(972) 595-3189
mxboudreaux@bop.gov

Bill Parrish, Management Analyst
Federal Bureau of Prisons
(972) 595-3075
bparrish@bop.gov

*oo day*
*08/14/2022*

Attachment I

*AUG 2 9 2022*

August 18, 2022

Kathy Williams, Chief,
Designation and Sentence Computation Center
Federal Bureau of Prisons
U.S. Armed Forces Reserve Complex
346 Marine Forces Drive
Grand Prairie, TX 75051

RE: Douglas, Timothy L. – Reg. No. 18211-074, Case No. 1:01-CR-00146

Dear Ms. Williams,

I am in receipt of your letter of June 15, 2022, requesting the Court's position on Mr. Douglas's request to retroactively designate a state institution for service of his federal sentence, which would allow his federal sentence, originally imposed on September 20, 2002, and then reimposed by the Court on July 14, 2021, to run concurrently with his state sentence, imposed on November 20, 2003. It appears the state sentencing court intended for Mr. Douglas's state sentence to run concurrently with his federal sentence.

From what I can tell, Mr. Douglas's state sentence was not based on conduct related to his federal sentence. His federal sentence of 130 months was for armed bank robbery and brandishing a firearm during a crime of violence. His state sentence of 17 years was for assault (Hamilton County Case Numbers 237565, 234704, and 237911) and aggravated kidnapping (Hamilton County Case Number 237865). The former convictions resulted from an instance of domestic violence on April 2, 2001, where Mr. Douglas threw a microwave at his ex-girlfriend's daughter. The latter conviction resulted from an instance of domestic violence on April 25, 2001, where Mr. Douglas ordered his ex-girlfriend's neighbor into her car at gunpoint. Accordingly, I do not believe retroactive designation is appropriate.

Sincerely,

Curtis L. Collier
United States District Judge

**Ex. 1, Attach. I, p. 1**