**U.S. Department of Justice**

Federal Bureau of Prisons

---

*Designation and Sentence Computation Center*

U.S. Armed Forces Reserve Complex
346 Marine Forces Drive
Grand Prairie, Texas 75051

August 22, 2022

Honorable William I. Arbuckle
United States District Judge
 for the Middle District of Pennsylvania
U.S. Courthouse and Federal Office Building
240 West Third Street, Suite 218
Williamsport, Pennsylvania 17701

Re:  Douglas, Timothy L.
     Register Number:  18211-074
     Case Number:  1:01-cr-146-01

Dear Judge Arbuckle:

This letter is in response to a request seeking computation information, regarding inmate Timothy L. Douglas, federal register number 18211-074.  On September 20, 2002, the Court sentenced Mr. Douglas to a 224-month term of imprisonment for Armed Bank Robbery and Brandishing a Firearm During a Crime of Violence, in Case Number 1:01-cr-146-01.

Our records reflect on November 20, 2003, the Hamilton County Criminal Court sentenced Mr. Douglas to a 17-year term of imprisonment for Domestic Assault, Aggravated Kidnapping, Felony Escape, Assault, and Possession of Cocaine for Resale, in Case Numbers 237911, 237565, 234704, and 237685.  The Court ordered credit towards this term, from May 9, 2001, through November 20, 2003.

At the time the federal sentence was imposed, Mr. Douglas was under the primary jurisdiction of state authorities, and in federal custody pursuant to a writ of habeas corpus ad prosequendum.  The respective federal Judgment was silent regarding any relationship with his impeding state sentence.  Following sentencing, Mr. Douglas was appropriately returned to state authorities and the U.S. District Court Judgment was filed as a detainer.

On August 12, 2014, Mr. Douglas's state obligation was satisfied, and he was released to the federal detainer to commence his federal sentence as provided by 18 U.S.C. § 3585(a).  Pursuant to Program Statement 5880.28, <u>Sentence Computation Manual (CCCA of 1984)</u>, and

the provisions of Title 18 U.S.C. § 3585(a), a sentence commences on the date the defendant is received in exclusive federal custody. Because the Court was silent with regards to how the federal sentence should run with the state sentence, the Bureau of Prisons (Bureau) prepared a sentence computation based on a 224-month term of confinement beginning August 12, 2014, the date he entered exclusive federal custody.

On July 14, 2021, the Court amended Mr. Douglas's federal sentence in Case Number 1:01-cr-146-01, to a 130-month term of imprisonment. An audit was conducted following the update of his sentence computation, and it was discovered that Willis credit had been applied in error. The amended order was also silent with regards to his state sentence; therefore, his federal sentence began the day he released from state custody. Because the federal sentence is not operating concurrently with the state sentence, it is not eligible for a Willis review.

In order for state presentence time to be credited toward a federal sentence, it must meet the conditions set out in either Willis v. U.S. or Kayfez v. Gasele. Program Statement 5880.28, Sentence Computation Manual (CCCA of 1984), states, if the non-federal and federal sentences are concurrent, the case will be reviewed for Willis or Kayfez credit. In this case, the federal sentence was not ordered to run concurrently with Mr. Douglas's state sentence.

The Bureau strives to administer sentences in accordance with federal statute, Bureau policy, and to achieve the intent of the federal sentencing Court. If you require additional Information, please contact Yolanda Davis, Operations Manager, at (972)595-3143.

Sincerely,

*Kathy Williams*

Kathy Williams, Chief
Sentence Computations

jmh
cc: Jennifer K. Knepper, Supervisory Attorney